CASE 31—ELECTION CONTEST BY T. H. LITTLE v. PHILIP HALL AND ·OTHERS FOR JUSTICE OF THE PEACE.—DEC. 3.

# Little v. Hall, &c.

|114  231|
|f114 451|

APPEAL FROM JACKSON CIRCUIT COURT.

JUDGMENT FOR DEFENDANTS AND PLAINTIFF APPEALS.    AFFIRMED.

ELECTIONS—PARTY DEVICE AND INDIVIDUAL DEVICE—VOTER MARKING IN BOTH.

Held:    1. Acts 1900, Ex. Sess., p. 12, section 4, provides that, should any elector desire to vote for each and every candidate of one party, he shall mark a cross-mark in the circle under the device of that party, and that if the cross-mark is made in the circle under the party device, and the cross-mark is also made after one or more candidates of a different party, the ballot shall be counted for the candidate so marked, and for the other candidates of the party marked.    The statute also declares that no ballot shall be rejected for any technical error which does not make it impossible to determine the voter's choice.    HELD, that where an independent candidate adopted an individual device, and there was no other candidate under such device, a mark in the circle under a party device and under the device of such independent candidate required the ballot to be counted for such candidate, and not for the candidate for the same office under a party device.

A. W. BAKER AND T. J. COYLE, FOR APPELLANT.

There were seventy-six undisputed ballots cast for Hall, appellee, and forty-seven undisputed ballots cast for appellant, Little; thirty ballots were cast for both Hall and Little, by the voters placing the stencil, or cross mark, in the circle under the log cabin under which Little's name was placed, and the same ballots were also stamped under the mule under which device the name of Hall was placed, Hall and Little being both condidates for justice of the peace.

1. We contend that one who, in voting, stamps or marks in two circles under two devices of opposing candidates. renders his vote invalid and the vote should not be counted.

The fact that there were candidates under the log cabin for other offices besides justice of the peace, and that the device

under which Hall's name was placed was an individual device, will not authorize votes stamped in both devices, to be counted for all and against Little and also counted for the candidates for the other offices under the log cabin besides justice of the peace.

E. E. HOGG, FOR APPELLEE.

There is only one question in this case, and that is, whether a ballot marked in the circle under the Republican device, and at the same time in the circle under an individual device, where there is an opposing candidate for the same office under each device should be counted for either and if so for which?

Appellant's name was on the ballot as the party nominee with other candidates for other offices. Appellee's name was on the ballot by virtue of a petition under an individual device.

Our contention is, that the voter in stamping under both devices showed his intention to vote for all the candidates under the log cabin, except the one who was opposing the candidate for the same office whose name was under the individual device and desired his vote to be counted for the candidate under the individual device.

OPINION OF THE COURT BY JUDGE DURELLE—AFFIRMING.

At the November election, 1901, appellant, Little, was a candidate for the office of justice of the peace in the Third magisterial district of Jackson county, on the Republican ticket, and his name was placed under the device of the log cabin on the official ballot. Appellee Hall was an independent candidate, by petition, for the same office, and his name was printed on the official ballot under the individual device, chosen by him, of a big mule. There were no other candidates for that office. Under the Democratic device the chicken cock, there was a candidate for representative and no other candidates. Hall was declared elected by the canvassing board, his majority being certified as ten votes. Little contested the election, and the contest was decided against him. There is no controversy about the number of ballots, nor the persons for whom they were counted.

Little v. Hall, &c.

The question arises as to certain ballots in precinct No. 1, which were counted by the election officers and the board of canvassers. There were thirty ballots stamped with the stencil under the Republican device and also in the circle under the mule. There were six ballots stamped with the stencil in the circle under the Democratic device, and in the circle under the big mule. Little received 157 votes in the district, and Hall received 137 votes, about which there is no dispute or contest. Little contends that the thirty-six ballots mentioned, which were stamped under the two devices, should not have been counted for any one. Hall contends that they were properly counted for him. There was also one ballot marked both in the circle under the Democratic device and in the circle under the Republican device. This ballot the election officers did not count for any one, and the circuit court approved their action, upon the ground that they were both party devices, and the fact that there was only one candidate under the Democratic device made no difference, as there was room and a place on that ticket for any officers to be voted for at that election. The consideration of this proposition is, however, not necessary to the decision of this case.

The law provides that "no ballot shall be rejected for any technical error which does not make it impossible to determine the voter's choice." As we have seen, it is not necessary to consider the effect of the voter stamping in the circles under the devices of two party tickets. Undoubtedly, if the two party tickets contained the names of candidates for exactly the same offices, the two marks would cancel each other, and the ballot would be a nullity. But the contestee in this case did not, in his petition, ask to be placed under any party device, and was not placed under such device. No other separate candidate by petition could

have been legally placed under Hall's device. There was no party existing which had the big mule for a device. It was the individual device of Philip Hall. The clerk of the Jackson county court placed the words "Independent Republican Ticket" under Hall's device, and above his name, but that did not make it a party device. Nor could any voter have legally voted for any person for any other office than that of magistrate by writing such person's name in the blank space below Hall's name and stamping in the square to the right of the name thus written. A stamp in the square to the right of Hall's name meant a vote for Hall. A stamp in the circle under the device above Hall's name meant a vote for Hall, and for no one else. Therefore, if a voter desired to vote the Republican ticket, except in the magistrate's race, and in that race desired to vote for Hall, it was as natural for him to stamp in the circle above his name as in the square to the right of his name. It is our duty, under the election law, as written in the statute and construed by the decisions of this court, to endeavor to ascertain the intention of the voter, not by speculation as to his intent, but by the fair and reasonable deductions to be drawn from the marks which he placed upon his ballot. We are not to assume that, in stamping in the circle under the big mule, he was attempting to do a vain thing, but we are to give effect to what he did, and to all that he did, if we can with reasonable certainty arrive at his intent. It is perfectly evident that the thirty voters who stamped under the log cabin and under the mule intended to vote for all the candidates on the Republican ticket, except the candidate for justice of the peace, and in that race intended to vote for the independent candidate. They "scratched" in the circle under the individual device of Hall, instead of in the little square to the right of his name,

Little v. Hall, &c.

because, if they had been voting for Hall alone, a cross-mark in the circle would have had exactly the same effect as a cross-mark in the little square. It is equally clear that the six ballots stamped in the circle under the chicken cock and in the circle under the big mule should be counted for Hall. In this case there was but one candidate under each device, and each candidate was running for a different office. It may be said that this mode of "scratching" a ticket is not the one specifically provided by the statute. On the other hand, there is nothing in the statute which either directly or by implication forbids this mode, and the provision before quoted does, by implication, authorize it. After providing for party devices, and the printing of the list of candidates of a party under its device, the statute provides: "Should any elector desire to vote for each and every candidate of one party he shall make a cross-mark in the circle under the device of said party, and the vote shall be counted for all the candidates under said device; provided, however, if a cross-mark be made in the circle under a party device and a cross-mark be also made after one or more candidates of a different party, or parties, the vote shall be counted for the candidate so marked and not for the candidates for the same offices of the party so marked, but the vote shall be counted for the other candidates of said party." Acts 1900, Ex. Sess., p. 12, sec. 4. It will be observed that this provision of the statute only relates to the candidates of a party printed under the device of the party. On the question how a voter shall proceed when, after making his cross-mark in the circle under the device of a party, he wishes to vote for an independent candidate whose name is printed on the ballot under a device of his own, and not as the candidate of any party, the statute is silent. In the original

act it is provided that the voter may make his cross-mark in the square immediately following the name of the candidate of his choice for each office to be filled; but the Legislature realizing that the voter might not always follow the statutory mode, and intending that unsubstantial errors should not destroy his vote, further provided, "No ballot shall be rejected for any technical error which does not make it impossible to determine the voter's choice." The statute not having pointed out how the vote for an independent candidate must be marked when a cross-mark is made in the device of a party, and having required the county clerk to place a device over the name of an independent candidate where he selects none for himself, it must be presumed that this device is required for some purpose, and a ballot marked in this device must be counted. For a cross-mark in the device as clearly shows the voter's intention to vote for such candidate as if it had been made in the small square opposite his name. If the voter wishes to vote a mixed ticket for the candidates of different political parties, he must follow the statutory method, for, as the statute has directed how this may be done, its method is exclusive, and no other can be followed. But as to the independent candidate, the statute not having so provided, a different rule applies, and his vote must be counted if it is possible to determine from the ballot the voter's choice. It is therefore proper to add—as the question is presented by the record, though not necessary to the decision of the case—that, in our opinion, the rule we have adopted would not apply in the case of a ballot which was marked in the circle under each of two party devices, for the reason that the statute seems to contemplate, and the practice undoubtedly is, that there should be under each party device spaces upon which the voter may vote for some qualified person

for every office to be filled at the election, although his party may not have provided candidates for each office. No such reason can apply to the case of a single independent candidate whose name is printed under an individual device.

For the reasons given, the judgment is affirmed. Whole court sitting.

Judge Paynter dissents.