CASE 16.—ACTION BY H. M. STEGEMAN AGAINST LOUIS
     COOK CONTESTING AN ELECTION.—June 12.

# Stegeman v. Cook

Appeal from Campbell Circuit Court.

A. S. BERRY, Circuit Judge.

Judgment for defendant, plaintiff appeals—Reversed.

1. Elections—Contests—Placing Questioned Ballots with Those
   Counted.—The fact that the election officers did not return
   any of the ballots as questioned, but put them all in the box
   as counted, was not material on a contest of the election.
2. Same—Effect of Lack of Objections to Ballots.—Where the
   election officers counted a ballot that should not have been
   counted, the fact that the validity of the ballot was not ques-
   tioned before them does not prevent the defeated candidate
   from contesting it on a contest of the election.
3. Same—Ballots—Voting for More Candidates Than There are
   Offices.—Under the express provisions of Ky. Stats., 1903,
   Sec. 1471, if an elector mark more names than there are per-
   sons to be elected for the office, his ballot shall not be counted
   for the office.
4. Same—Contest—Trial—Settling a Tie Vote.—Where an elec-
   tion was contested and a tie was made apparent in the cir-
   cuit court upon the contest, the court under the power to de-
   termine the case should have settled the tie by lot.

HARRY. HEALLY and AUBREY BARBOUR for appellant.

PROPOSITIONS DISCUSSED AND AUTHORITIES CITED.

.1  A candidate showing a tie vote is entitled to contest his op-
ponent's election: Wilson v. Tye, 29 Ky. Law Rep., 72; Imboden
v. Cullen, 94 Ky., 45; Sheppherd v. Trustees, 24 Ky. Law Rep.,
1072.
   2.  A ballot marked for more candidates for an office than

there are officers to be elected, should be rejected: Ky. Stats., sec. 1471.

3. A ballot may be questioned, though not returned as "questioned," by the election officers: Strauss v. Johnson, 100 Ky., 319; Neely v. Rice, 29 Ky. Law Rep., 1142; Baily v. Hurst, 24 Ky. Law Rep., 504; Edwards v. Long, 24 Ky. Law Rep., 1105.

4. Contestant entitled to costs: Gimbell v. Green, 134 Ind., 628; Soto v. Vannery, 65 Cal., 285.

SAM E. ANDERSON for appellee.

There are two minor questions involved in this case, to-wit:

1. Is a candidate showing no better than a tie entitled to con-contest his opponent's election?

2. Who shall pay the costs of this contest? It is a well settled rule that excepting for ineligibility only the person showing himself entitled to the office can contest the election of the person adjudged entitled thereto by the returning board.

By showing no better than a tie Mr. Stegeman fails to come within the rule.

### AUTHORITIES CITED.

Houston v. Steele, 98 Ky., 612; Edwards v. Long, 24 Ky Law Rep., 1106; Strauss v. Johnson, 100 Ky., 319; Banks v. Sargeant, 104 Ky., 699; Toney v. Harris, 85 Ky., 464; Howes v. Perry, 92 Ky., 262; Wilson v. Tye, 29 Ky. Law Rep., 72; Soto v. Vannoy, 65 Cal., 285; Neely v. Rice, 29 Ky. Law Rep., 1142:.

OPINION OF THE COURT BY JUDGE HOBSON—Reversing.

On November 6, 1906, there was an election in the district of Highlands in Campbell county of seven trustees. There were two tickets—one known as the "Open Book Ticket" and the other as the "People's Home Ticket." Louis Cook was on the former, and H. A. Stegeman on the latter. When the vote was counted, Cook received 240 votes by the official count and Stegeman 239. There were six other candidates who received a larger vote than either of them.

Cook received the certificate and Stegeman contested the election. He alleged in his petition that there was one ballot cast at the election which was counted for Cook on which the voter had voted for eight persons for trustee, and that this ballot was void. He also charged that there were two votes counted for Cook which should not have been counted, for the reason that the stencil mark was not placed in the circle at the head of the ticket, but in a little square under the circle. The defendant by his answer charged that there were two ballots counted for Stegeman which were in like manner marked in the little square, and not in the circle. The court struck out of the petition so much of it as related to the two ballots which were stamped in the little square, apparently on the ground that the voter's intention was sufficiently evident from the ballot, a sample of which was filed with the petition. Proof was taken, and on final hearing the court opened the ballot box, and, finding the ballots properly preserved, recounted them. Upon his recount Cook received 235 votes and Stegeman 235. Thereupon the court entered a judgment dismissing Stegeman's petition, and he appeals.

The fact that the election officers did not return any of the ballots as questioned, and put them all in the box as counted, is not material. If the election officers count a ballot that should not be counted, the fact that the validity of the ballot was not questioned before them does not prevent the defeated candidate from contesting it on a contest of the election. By section 1471, Ky. St. 1903, if an elector mark more names than there are persons to be elected for the office, his ballot shall not be counted for the office. The ballot, therefore, which was marked for eight trustees was void, and could not be counted for any-

body; for, independently of the statute, no one can tell from it which of the eight men were his preference, as only seven men were to be elected. If we disregard this ballot, there is a tie between Stegeman and Cook. But the circuit court concluded that as he had to open the box to see the ballot, as the ballot itself was the best evidence of its contents, it was proper that he should recount all the ballots, as there might be more than one ballot in this condition, and the result might not be affected. The court's recount, which gave to each of the men 235 votes, seems to us correct. So we have the same result whether all the ballots are recounted or not. It is insisted for appellee that the defeated candidate, who shows only that there is a tie vote, fails to show that he is entitled to the office, and that, therefore, Stegeman's petition was properly dismissed.

By subsection 5 of section 1596a, Ky. St. 1903, it is the duty of the county election commissioners to canvass the returns, and give certificates over their signatures of the number of votes given in the county, city, town, district, or precinct, as the case may be, and by subsection 12, where the board of canvassers find that two or more have received an equal number of votes for the same office, they shall by lot determine which of the candidates is elected. As neither Stegeman nor Cook received a greater number of votes than the other, neither is entitled to the office; but Stegeman has a legal right to have the tie determined as provided by the statute. When an election is contested, and a tie is made apparent in the circuit court upon the contest, the court, under the power to determine the case, should settle the tie vote by lot as provided by the statute. On the return of the case to the circuit court this will be done. The

authorities in other states sustaining the ruling of the circuit court in dismissing Stegeman's petition are not applicable under our statute.

Judgment reversed and cause remanded to the circuit court, with directions to determine by lot who was elected, and enter a judgment for the person entitled thereto.