## Hehman v. City of Newport et al.

(Decided June 9, 1931.)

**518**

BARBOUR & BASSMANN and GEORGE J. HEROLD for appellant.

ARTHUR J. DALY, CHARLES E. LESTER, JR., and CARL H. EBERT for appellees.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

Pursuant to "An Act relating to the government of cities of the second class in the Commonwealth of Kentucky," passed by the Legislature at its 1930 session and approved by the Governor on February 12, 1930, now chapter 91, Acts 1930, the adoption of the city manager form of government was submitted to the voters of the city of Newport at the general election held on November 4, 1930. The result, as certified by the election commission, was 4,095 votes "Yes," that is, in favor of the adoption, and 4,093 votes "No," that is, against the adoption. Pursuant to "An Act to authorize the contest of any election upon bond issues or public questions submitted to the voters of any county, city or district, by an action in the Circuit Court of the county where such election was held, and to provide the practice and procedure, and the character of judgment that may be rendered," passed by the Legislature at its 1930 session and approved by the Governor on March 27, 1930, now chapter 52, Acts 1930, Lawrence Hehman, a qualified elector of the city, instituted a contest and asked a recount of the ballots. On the recount 23 ballots were involved. Of these ballot No. 18 was counted "No" by agreement of the parties. Of the remainder, ballots No. 1, No. 2, No. 3, No. 7, No. 8, No. 13, No. 14, No. 15, and No. 19, making a total of 9, were counted "Yes," and ballots No. 5, No. 6, No. 9, No. 11, No. 12, No. 16, No. 20, and No. 22, making a total of 8, were counted "No," while ballots No. 4, No. 10, No. 17, No. 21, and No. 23, making a total of 5,

were not counted for either side. The court then adjudged that the city manager form of government was adopted by a vote of 4,095 to 4,089, and dismissed the contest. From that judgment the contestant appeals, and the city prosecutes a cross-appeal.

We have carefully examined the disputed ballots and have reached the following conclusions:

### Votes Counted "Yes."

1. (a) In the blank space opposite "Yes" on ballots No. 1 and No. 8 is a mark or blur which we have held sufficient to indicate the voter's choice, Bates v. Crumbaugh, 114 Ky. 447, 71 S. W. 75, 24 Ky. Law Rep. 1205, and these two ballots will be counted "Yes."

(b) On ballots No. 7, No. 13, No. 14, and No. 15, there is a cross opposite the word "Yes," while opposite the word "No" appears a sufficient erasure to indicate that the voter first voted "No," then rubbed it out, and voted "Yes." There is no claim of fraud, and the number of erased ballots is too small to indicate any plan or system by which the erasures were made for the purpose of identifying the ballots. On the contrary, they appear to have been made in an honest effort to indicate the voter's choice. Where this situation prevails, there is abundant authority for the position that the ballots should be counted. Wright v. Walker, 197 Ind. 561, 151 N. E. 424; Neal v. Odle, 308 Ill. 469, 140 N. E. 31; Atwater v. Eckard, 282 Ill. 122, 118 N. E. 424; Church v. Walker, 10 S. D. 450, 74 N. W. 198. This position is fortified by our statute which provides that no ballot shall be rejected for any technical error which does not make it impossible to determine the voter's choice. In the circumstances the erasures cannot be classed as distinguishing marks, and the ballots will be counted "Yes."

(c) On ballot No. 19 there is a mark or blur on the word "Yes." On the same ballot was submitted a Grade Crossing Bond Issue. Immediately in front of the word "Yes" is a mark or blur. Viewing the voter's action in the light of the two votes, we are inclined to the view that he adopted the method of indicating his choice by placing the mark or blur on or near the word "Yes," and conclude that the ballot should be counted "Yes."

## Votes Counted ''No.''

2. (a) On ballot No. 5 the voter indicated his choice by placing the mark or blur in the square opposite ''No.'' On the ballot, but not near either of the squares, is an ink blot, which we do not regard as a distinguishing mark. The ballot will be counted ''No.''

(b) On ballot No. 9 the cross or mark is placed just below the square opposite ''No,'' and the small portion of the mark extends into the square. In voting ''Yes'' on the Grade Crossing Bond Issue the same method was adopted. We therefore hold that the ballot should be counted ''No.''

(c) On ballots No. 10, No. 11, and No. 16, the choice of the voter is clearly indicated by marks or blurs in the space opposite ''No,'' and these ballots will be counted ''No.''

(d) On ballot No. 20 there is a cross-mark opposite ''No,'' and an erasure on the cross-mark opposite ''Yes.'' For the reason above given the ballot will be counted ''No.''

(e) On ballot No. 21 there is a cross between the two spaces and a substantial cross in the space opposite ''No.'' This ballot will be counted ''No.''

(f) On ballot No. 22 a portion of the cross is between the two spaces but about half of the cross is in the space opposite ''No.'' On voting on the Grade Crossing Bond Issue, the voter showed that he had some difficulty in getting in the square. The ballot should be counted ''No.''

## Votes Not Counted.

3. (a) Ballot No. 4 is not counted, for the reason that the mark or blur on the word ''Yes'' was made by the folding of the ballot.

(b) On ballots No. 2, No. 3, No. 6, No. 12, and No. 23, one of the squares contains a cross, while the other contains a blur. As a blur indicates the voter's choice just as effectively as a cross, the result is the same as if there were a cross in each square. For this reason none of these ballots will be counted.

As it will not affect the result, we deem it unnecessary to decide whether ballot No. 17 with stub attached should or should not be counted.

The result of the recount is a loss of 2 "Yes" votes, and no change in the "No" votes, thus making the total "Yes" vote 4,093, and the total "No," vote 4,089.

Judgment affirmed on both the original and cross appeal.

Whole court sitting.