## West et al. v. Elliott.

(Decided December 18, 1931.)

MARTIN T. KELLY and WILLIAM LOW for appellants.

E. N. INGRAM for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

A municipal election was held in the city of Pineville on November 3, 1931. The electors in Ward 2 B were entitled to vote for two councilmen. For the two offices there were four candidates, J. H. Bolton, R. B. Elliott, James I. West, and Pinquard M. McCoy. The

election commissioners certified that McCoy received 261 votes, West 183 votes, Elliott 181 votes, and Bolton 131 votes. Thereafter Elliott filed a contest in the Bell circuit court against West, McCoy, and the election commissioners, and requested a recount of the ballots under the provisions of chapter 50, Acts 1930. A recount was had, and it was adjudged that Bolton received 131 votes, that McCoy received 258 votes, and that Elliott and West each received 182 votes, thus resulting in a tie. From that judgment West has appealed as against Elliott.

The only ground on which a reversal is asked is that the court erred in not counting for West a ballot which is before us by stipulation of the parties. First on the ballot is the Republican ticket, with the name of J. M. Brooks as candidate for mayor, and the names of J. H. Bolton and R. B. Elliott as candidates for councilmen. Next is the device of Richard Dyche, Independent candidate for mayor. Following this is the device of Joe Bain, another Independent candidate for mayor. To the right of Bain's device is the device of appellant, James I. West, another Independent candidate for councilman. His device is a Liberty Bell. Underneath the bell is a circle. Below the circle is West's name with a square opposite. Beneath his name is a blank line with a square opposite. Next to West's device is the device of Pinquard M. McCoy, another Independent candidate for councilman, under a device of his own styled Citizen's Party, with a capital M beneath. Under the device is a circle, and below the circle is the name Pinquard M. McCoy, with a square opposite his name. Below his name is a blank line, with a square at the end of the line. On this ballot there is a blur in the circle beneath the Republican device, a blur in the circle beneath the picture of Dyche, candidate for mayor, and a blur in the circle beneath the Liberty Bell, the device under which West ran. We are concerned only with the vote for Bolton and Elliott under the Republican emblem, and the vote for West under the Liberty Bell. As many voters do not use the stencil properly, we have ruled that a blur instead of a cross is sufficient to indicate the voter's choice. Hehman v. City of Newport, 239 Ky. 517, 39 S. W. (2nd) 978. But the point is made that the ballot should be counted for West because the blur in the circle under the Republican device is less distinct than the blur in the circle under West's device. That may be true, but the

voter's intention cannot be made to depend on the relative distinctness of the two marks, unless one of them is so indistinct as to indicate inadvertence on the part of the voter. That is not the case here. The blur in the circle under the Republican device is so plain and distinct that it must be given effect in determining the voter's choice. Therefore the case before us is one where the voter, though entitled to vote for only two candidates for councilmen, voted in the circle under the Republican device beneath which were the names of J. H. Bolton, and appellee, R. B. Elliott, candidates for councilmen, and also in the circle above the name of appellant James I. West, also a candidate for councilman.

We do not regard Little v. Hall, 114 Ky. 231, 70 S. W. 642, 24 Ky. Law Rep. 1060, as controlling. There only one office, that of magistrate, was to be filled. There was a candidate for that office under the Republican device, and also an Independent candidate under his own device. The voter stamped in the circle under each device. It was held that the mark in the circle under the device of the Independent candidate had the same effect as if it had been placed in the square opposite his name, and that the ballot should be counted for him, and not for the candidate for the same office under the party device. More directly in point is the case of Baker v. Dinsmore, 138 Ky. 277, 127 S. W. 997. There only six councilmen were to be elected. On the official ballot under the Republican device there were six candidates. Under the Citizen's ticket device, there were two candidates. It was held that a mark under each device made the ballot void, since it was impossible to tell what candidates were voted for. But it is earnestly and ably argued that the voter who cast the ballot before us clearly intended to vote for appellant, and that appellant should not be deprived of the vote merely because it was impossible to tell whether his other vote should be counted for Bolton or appellee. There is plausibility in the argument, but it hardly can be said that the voter evinced an intention to prefer appellant over either or both of the other candidates. He had the right to vote for the two candidates. If his vote be counted for appellant, then it should be counted either for Bolton or for appellee. If counted for Bolton, appellant will receive one more vote than appellee; if counted for appellee, his vote will still be equal to appellant's vote. Thus we have a problem that no one can solve. In its final analysis,

the situation does not differ materially from a case where there were three candidates on a ballot, and the voter, having the right to vote for two of them, placed a cross in the blank space opposite each of their names. In the circumstances, it would not be possible to select the two candidates of the voter's choice, and the ballot would have to be rejected.

On behalf of appellee, it is insisted that his motion for a judgment, notwithstanding the finding of the circuit judge, should have been sustained on the ground that no demurrer, motion, nor answer was filed by appellant. In response to this contention, it is sufficient to say that, as appellee has prosecuted neither a direct nor a cross-appeal, the action of the court in overruling his motion, even if erroneous, is not subject to review. Conn. v. Hardin, 215 Ky. 307, 284 S. W. 1077.

Judgment affirmed.

Whole court sitting.