GEORGE R. WHEELOCK, APPELLANT, v. HARRY H. HANEY, APPELLEE.

293 N. W. 418

FILED AUGUST 2, 1940. No. 30858.

*Elmer Gudmundsen* and *Cleary, Suhr & Davis,* for appellant.

*S. L. O'Brien, contra.*

Heard before SIMMONS, C. J., ROSE, PAINE, CARTER, MESSMORE and JOHNSEN, JJ.

ROSE, J.

This is an election contest for the office of county clerk of Grant county. George R. Wheelock is plaintiff and Harry H. Haney is defendant. Each claims to have been elected at the general election November 8, 1938. Their names were on the official ballots at that election as rival candidates. There are three voting precincts in Grant county—Ashby, Hyannis and Whitman. After the election, a canvass of the votes cast by voters for county clerk at the polling places in the three precincts resulted as follows: For Haney, defendant: Ashby, 62; Hyannis, 129; Whitman, 123; total, 314. For Wheelock, plaintiff: Ashby, 76; Hyannis, 199; Whitman, 46; total, 321, giving Wheelock a majority of 7. Of 19 mail ballots, 5 were counted for plaintiff and 14 for defendant, giving the latter a majority of 2. On the vote as thus canvassed, defendant, Haney, county clerk at the time of the election and present incumbent, issued to himself a certificate of election.

Plaintiff based his contest and his claim that he was elected on the allegation and the undisputed evidence that 10 of the mail ballots counted for defendant were void.

Upon a trial of the contest the district court found the issues in favor of defendant and adjudged him to be the duly elected county clerk of Grant county. Plaintiff appealed.

On appeal the position of plaintiff is that the 10 mail ballots counted for defendant were void because they were not sent to the county clerk by mail in compliance with provisions of the statute. Comp. St. 1929, sec. 32-806. On the contrary defendant argues that the statute directing transmission of mail ballots to the county clerk by mail is directory merely and does not invalidate them, but that, even if rejected, they would not change the result of the election, because, as contended, the entire vote of Hyannis precinct should be rejected for the reason that the election officers did not comply with the statute directing them to sign the returns, to string the ballots on a strong thread and to seal them before delivering them to the county clerk. Comp. St. 1929, secs. 32-905, 32-906, 32-915. The rejection of the entire vote in Hyannis precinct, where 199 ballots were in favor of plaintiff, would give defendant a clear majority without regard to the mail ballots. The district court held they were valid. Was there error in this respect? The record contains no evidence of fraud or corruption in the election at Hyannis. The conduct of the electors and of the election officers at the polls in that precinct is unchallenged. The records of the election as returned to the county clerk were in proper form and showed the results of the balloting. Tampering with the poll books, tally sheets, ballots and other election documents at any time or place is not shown in any manner. Did the failure of the election officers to sign their names on the blank lines, to string the ballots and to seal them in compliance with statute disfranchise all the voters in Hyannis precinct? The voters appeared before the election officers, were identified as electors and cast their secret ballots in the manner provided by law. The tally list and summary of the votes cast showed the results of the election. The county clerk received the returns without requiring the election officers to comply with the statute in the respects already indicated. The general rule of law is

that such provisions are directory unless made otherwise by legislation. In an early case this court ruled:

"It is doubtless the duty of the judges of the election to seal up the returns, and among other things to direct them to the county clerk; but a failure to discharge this duty by the judges of election in the manner provided by law, will by no means excuse the county clerk for failing to canvass such returns as in point of fact are delivered to him within the time limited by law." *Long v. State,* 17 Neb. 60, 22 N. W. 120.

This is in harmony with the law generally. A text reads as follows:

"Unless it is expressly declared by statute that the particular act is essential to the validity of the election, or that its omission will render it void, an election which appears to have been fairly and · honestly conducted will not be vitiated by mere irregularities which are not shown to have affected the result. In the absence of fraud, the misconduct of election officers or irregularities on their part will not justify rejecting the whole vote of a precinct where it does not appear that the result was affected thereby, even though the circumstances may be such as to subject the officers to punishment. Voters who have done all in their power to cast their ballots honestly and intelligently are not to be disfranchised because of an irregularity, mistake, error, or even wrongful act, of the officers charged with the duty of conducting the election, which does not prevent a fair election and in some way affect the result." 20 C. J. 180.

The district court, therefore, did not err in finding that the ballots cast at the polling place in Hyannis precinct were valid and did not err in counting them.

The 10 mail ballots in controversy, however, are in a different situation. The privilege of voting, though the voter is absent from the voting precinct at the time of the election, requires a departure from the usual method of exercising the elective franchise and is a grant of legislative authority. The exceptional privilege was granted only on the conditions imposed by statute. In authorizing mail votes,

it was a legislative purpose to preserve the purity and secrecy of the ballot in harmony with the safeguards thrown around voting at polling places. Substantial compliance with the conditions on which the privilege is granted is a necessary part of the legislative grant. The very nature of the privilege makes the conditions imposed by statute necessary to an exercise of the right. The act of the legislature provides that any qualified elector of this state who is about to be absent from the county of his residence on the day of any primary or other election "may vote at such election upon compliance with the provisions of this act and in manner hereinafter set out." Comp. St. 1929, sec. 32-801. It is thereinafter set out that a ballot of an absent voter, when prepared for a mail vote, must be addressed and mailed to the county clerk as registered mail. Comp. St. 1929, sec. 32-806. Such a vote must reach the county clerk through the United States mail. That is a condition of the right to vote by mail and a substantial compliance therewith is essential to an exercise of the privilege. *Rasp v. McHugh,* 121 Neb. 380, 237 N. W. 394; *Wichelmann v. City of Glencoe,* 200 Minn. 62, 273 N. W. 638; *Sartwelle v. Dunn,* 120 S. W. (2d) (Tex. Civ. App.) 130; *In re Baker,* 126 Misc. 49, 213 N. Y. Supp. 524; *Guice v. McGehee,* 155 Miss. 858, 124 So. 643; *Bullington v. Grabow,* 88 Colo. 561, 298 Pac. 1059.

Ten of the mail ballots in issue were never in the United States mail. They reached the county clerk by other means. It follows that they were erroneously counted for defendant. When they are eliminated, as they must be, the returns show the election of plaintiff. The judgment below is therefore reversed, with directions to the district court to enter a judgment in favor of plaintiff and against defendant in conformity with views herein expressed.

REVERSED.