## Deckert v. Hesch.

Dec. 14, 1943.

John Wm. Heuver for appellant.

Daniel W. Davies and Morris Weintraub for appellee.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER —Affirming.

The appeal is from a judgment of the Campbell Circuit Court rendered in a proceeding for a recount of

the votes cast at the November 2, 1943, election for the office of Mayor of the City of Newport. The Court adjudged appellee, Oscar Hesch, Jr., to be the winner by a majority of fourteen (14) votes. Fifteen (15) ballots are challenged on the appeal. In view of our conclusions in respect to three (3) ballots, it is unnecessary for us to discuss the question raised in respect to the other twelve (12). The ballots in question have been filed with the record, and have been carefully examined by the whole Court.

The ballot designated in the record as No. 18 was cast for appellant, J. E. Deckert, in Second Ward, C. It was not counted by the Board of Election Commissioners, nor by the Court below. It is contended that, when found in the ballot box, the stub containing the name of the voter was attached to the ballot with a clip, and by reason of this fact should not be counted, because it is not a secret ballot. We have examined the stub and the ballot from which it is contended the stub was torn. The edge of the ballot which was originally attached to a stub is evenly torn, and evidences the fact that the stub detached from it contained no fringes; whilst the edge of the stub clipped to the ballot is fringed, and clearly shows that it was detached from a ballot other than the one to which it was clipped. Clearly it should have been counted for Mr. Deckert, and, when counted, reduces appellee's majority to thirteen (13).

Ballot No. 44 was cast in Third Ward, F, and was counted for appellee. X-marks appear in the squares for both candidates, but the mark in the Deckert square is smudged. We have examined the ballot very carefully, and have concluded that the voter first placed the X opposite the name of appellant, and then attempted to eradicate it and cast his vote for appellee. The intention of the voter must be considered in determining how a doubtful ballot shall be counted, and we are of the opinion that this ballot was intended to have been voted for appellee. The ballot is unlike the one referred to in the Court's opinion in Covington v. Joiner, 200 Ky. 378, 254 S. W. 1048, 1049. In that case the Court was unable to determine that the voter intended to rub out one of the marks; but here we have determined that such intention is manifest. Since the Court below counted the ballot for Mr. Hesch, the majority remains thirteen (13) in his favor.

Ballot No. 59 was cast in Sixth Ward, D, and was not counted by the Board of Election Commissioners, but was counted by the Court as a vote for appellee. The ballot was lightly marked with a stencil on the printed name of Mr. Hesch. It was similarly marked on the names of two candidates for City Commissioner. While the proper method of indicating a vote is to place the stencil mark in the square prepared therefor, the fact that it is not so placed will not invalidate the ballot, if the intention of the voter can be discerned from a mark placed elsewhere. In Wurts v. Newsome, 253 Ky. 38, 68 S. W. (2d) 448, ballots containing a mark in front of the candidate's name were counted as valid votes for the candidate. No distinction can be drawn between the ballots counted in that case and the ballot in question in this case. We therefore conclude it was the intention of the voter to cast his ballot for Mr. Hesch. The majority still remains thirteen (13). That being true, the decision in respect to the remaining twelve (12) ballots would not affect the result of the election, for which reason we refrain from commenting upon their validity.

The judgment is affirmed.

Whole Court sitting.