## Brown v. St. Clair et al.

September 23, 1949.

M. T. Whitworth for appellant.

L. A. Faurest, Jr. and A. Brooks Montgomery for appellees.

JUDGE REES—Affirming.

George R. St. Clair and W. E. Brown were candidates in the Democratic primary on August 6, 1949, for nomination for the office of county judge of Meade County. The county election commissioners reported that St. Clair received a majority of five votes, and certified

him as the Democratic nominee. W. E. Brown instituted an action for a recount of the ballots, and at the conclusion of the recount the court adjudged that St. Clair had received 1,275 votes and Brown had received 1,274 votes. Brown has appealed.

Forty-seven questioned ballots have been brought here for inspection by the court. Of these, sixteen were counted by the trial court for the appellee St. Clair, seven were counted for neither candidate, and twenty-four were counted for the appellant Brown. Four of the ballots counted for St. Clair were stamped by the voter partly in the space between the squares opposite the names of the two candidates, but in each instance the stencil mark extends well into the square opposite the name of St. Clair and we are convinced that it was the voter's intention to vote for him. Appellant contends that the mark in the square opposite St. Clair's name on ballot No. 5 is a blot from the stencil mark for Medley in the sheriff's race, resulting when the ballot was folded, but the mark is clear and distinct although the marks of only two prongs of the stencil appear. It is obvious that the voter applied the stencil at an angle when he voted for St. Clair. He applied the stencil in the same manner when he voted in the jailer's race. Ballot No. 6 was voted for St. Clair, but a smudge appears in the square opposite the name of Brown. If the stencil was applied in the square, it is clear that the voter erased the mark. The court properly counted the ballot for appellee. Schaffield v. Hebel, 301 Ky. 358, 192 S. W. 2d 84; Deckert v. Hesch, 296 Ky. 176, 176 S. W. 2d 397. Appellant concedes that ballot No. 7 was properly counted for appellee. On ballot No. 8 there are several distinct stencil marks, including one in the square opposite the name of St. Clair, but there are also several blots. One of these is opposite Brown's name, but it is clear that this and the other blots resulted when the ballot was folded. A small part of ballot No. 9 is missing, and appellant contends that, although clearly cast for St. Clair, it should not be counted since the mutilation of the ballot by tearing off the top portion might have been a method devised to indicate to others the identity of the voter. KRS 118.320 prohibits the counting of any ballot which bears a mark by which the identity of the voter may be determined, but the mere tearing of the ballot is not reasonably calculated to accomplish such a

purpose. No other ballots were torn, and there is nothing to indicate that the voter intended to enable identification of his ballot. We think that this ballot was properly counted for appellee. Houston v. Steele, 98 Ky. 596, 34 S. W. 6; Snowden v. Flanery, 159 Ky. 568, 167 S. W. 893. Ballot No. 10 is similar to ballot No. 6. The mark in the square opposite the name of St. Clair is clear and distinct while a smudge appears opposite the name of Brown. The intention to vote for St. Clair is manifest. Ballots 11 to 16, inclusive, fail to bear the cross mark of the stencil. On one the cross mark was made with a pencil, on another check marks in the square appear, and on the others it is apparent that the voter used the wrong end of the stencil in voting. The marks are sufficient to indicate the voter's choice, and none of them appears to be a mark or sign intended by the voter for a purpose within the inhibition of the statute. Wright v. Crase, 273 Ky. 76, 115 S. W. 2d 318; Hehman v. City of Newport, 239 Ky. 517, 39 S. W. 2d 978. We have carefully examined the seven ballots, numbered 17 to 23, inclusive, which the court refused to count for either candidate, and find the ruling correct in each instance. Some of the ballots bear distinct cross marks opposite the names of both candidates, and the marks on the other ballots in the county judge's race are clearly blurs caused by folding the ballot.

In view of our conclusion that the court's ruling on the foregoing twenty-three ballots is correct, it is unnecessary to consider the remaining twenty-four ballots which were counted for Brown. We have examined these ballots, however, and entertain doubt as to the correctness of the court's ruling as to only one, ballot No. 40. This ballot bears distinct stencil marks in three of the six races. In the county judge's race the voter apparently voted for Brown and then erased the mark. Elimination of this vote for Brown, however, would merely increase St. Clair's majority to two votes.

We are of the opinion that the court correctly adjudged appellee the successful candidate for the Democratic nomination for the office of county judge, and the judgment is affirmed.