COLLIN R. MILLER ET AL., APPELLANTS, V. CLARENCE W. MERSCH ET AL., APPELLEES.

42 N. W. 2d 652

Filed May 18, 1950. No. 32764.

*Baldwin & Pike,* for appellants.

*Keenan & Corbitt,* for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, CHAPPELL, WENKE, and BOSLAUGH, JJ.

CARTER, J.

This is an action involving the contest of a special school district election, the object of the election being to pledge the property and credit of the school district in the principal amount of $30,000 for the purpose of constructing a new school building. Contestants are qualified electors of the school district who purported to vote at said election by mail. Their ballots were not counted by the election board because of the alleged invalidity of the two votes. It is admitted that if the two votes of contestants had been counted it would have changed the declared result of the election. The trial court held that the two votes purported to have been cast by the contestants were invalid and that the proposition submitted was carried by the required majority. Contestants appeal.

The record shows that School District No. 47 of Thayer County, Nebraska, held an election on September 7, 1948, on the proposition of whether or not bonds in the amount of $30,000 should be issued by said district for the purpose of building a schoolhouse and furnishing the same. It is not questioned that the election was regularly held pursuant to section 79-616, R. S. 1943, which required among other things that the bonds could be issued if three-fifths of the ballots cast at such election were for the issuance of such bonds. The declared result of the election was 140 votes for and 92 votes against the proposition, and a declaration that the proposal had carried by the required majority.

The two contestants were qualified electors of the district. They were absent from the district on election day and cast their ballots as absent voters. They assert, and it is not disputed, that they cast their votes against the proposal for the bond issue, that such votes were legally cast and should have been counted, and if such ballots were counted it would change the declared result of the election. The issue submitted is limited to the validity of the two absentee ballots.

The venue on each of the "Absent and Disabled Voter's Identification" envelopes in which the votes were enclosed is as follows: "State of Neb. County of Thayer. ss." The jurat on each is as follows: "Subscribed and sworn to before me this 4 day of Sept, 1948. * * * E. C. Mortin, Commissionor. Prov. of Sask. Comm. expires Dec. 31/48."

It is the policy of the law to prevent the disfranchisement of qualified electors who have cast their ballots in good faith by requiring only a substantial compliance with the election laws of the state. The privilege of voting, though the voter is absent from the voting precinct at the time of the election, requires a departure from the general rule governing the method of exercising the right to vote. Voting by mail constitutes a special privilege and requires a stricter adher-

ence to the legislative conditions imposed upon its exercise. Compliance with the conditions imposed by the statutory grant is essential to the exercise of the right. The act itself prescribes the manner of its exercise when it states that an absentee elector may vote at such election only in the manner prescribed in the act. Wheelock v. Haney, 138 Neb. 547, 293 N. W. 418. See, also, Griffith v. Bonawitz, 73 Neb. 622, 103 N. W. 327; Rasp v. McHugh, 121 Neb. 380, 237 N. W. 394.

In McMaster v. Wilkinson, 145 Neb. 39, 15 N. W. 2d 348, 155 A. L. R. 667, we held that identification envelopes containing a variance as to counties between the venue and the seal affixed by the notary public were not a compliance with the law governing absentee voting. In the case before us the venue was fixed as Thayer County, Nebraska, and the jurat indicated that the oath was administered in the province of Saskatchewan, Canada. No seal was affixed. Sufficient compliance with the statute, Chapter 32, article 8, R. S. 1943, and the 1949 Supplement thereto, was not had and the trial court correctly held the two mail ballots of the contestants to have been illegally cast and not proper to be counted at said election.

It is urged that, even if the ballots of contestants cannot be counted against the proposal, they are "ballots cast at such election" within the meaning of section 79-616, R. S. 1943, and that the proposal must therefore fail in that three-fifths of the ballots cast at said election are not for the proposal.

While the cases are not in accord as to whether illegal, rejected, and blank ballots shall be counted in determining the total vote cast, we think the correct rule is, in the absence of statutory provision to the contrary, that ballots which have been cast which are entitled by law to be counted in declaring the result of the election shall alone be counted in determining the vote cast. This simply means that ballots improperly cast, or rejected for illegality, or left wholly blank,

are no part of the "ballots cast at such election" within the meaning of section 79-616, R. S. 1943. This court appears to have adopted this rule in previous cases. State v. Roper, 47 Neb. 417, 66 N. W. 539; State v. Clark, 59 Neb. 702, 82 N. W. 8. See, also, State ex rel. Short v. Clausen, 72 Wash. 409, 130 P. 479, 45 L. R. A. N. S. 714; Wightman v. Village of Tecumseh, 157 Mich. 326, 122 N. W. 122.

The trial court was correct in holding that the two mail votes cast by contestants were invalid and not to be counted, and that the proposal for the issuance of bonds was carried by the required statutory majority.

AFFIRMED.