HARRY GREATHOUSE ET AL., APPELLEES, v. DIX RURAL HIGH SCHOOL DISTRICT, OF KIMBALL COUNTY, NEBRASKA, APPELLANT.

54 N. W. 2d 58

Filed June 20, 1952. No. 33150.

*Heaton & Connors,* for appellant.

*Torgeson, Halcomb & O'Brien,* for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

MESSMORE, J.

This is an action involving a contest of a special election, the object and purpose of the election being to authorize Dix Rural High School District to issue negotiable bonds in the principal amount of $53,000 to build a new school building and secure the necessary furniture and apparatus for the same.

Section 10-702, R. S. Supp., 1949, provides: "No bonds shall be issued until the question has been submitted to the qualified electors of the district, and fifty-five per cent of all the qualified electors voting on the question shall have voted in favor of issuing the same, at an election called for the purpose, upon notice given by the

officers of the district at least twenty days prior to such election."

One or more of the contestants is competent to contest the election.

The special election held on June 2, 1951, by defendant contestee was duly and legally called and the proposition legally submitted.

The trial court, in its decree, found generally in favor of the contestants, and particularly that the ballots cast at the election, designated in the record as exhibits Nos. 4, 5, 6, 7, 8, and 9, purportedly cast as absentee or disabled voters ballots, were not cast in compliance with the law; that these ballots were by the canvassing board of the contestee counted as "yes" votes but in fact said ballots should not have been counted; that the votes cast by Winnie Peterson and Wayne Bailey were "yes" votes on the proposition submitted and should not have been received and counted because such persons were not legally qualified electors of the contestee school district at the election held June 2, 1951; that the ballots identified as exhibits Nos. 2 and 3 were considered by the election board and the canvassing board of contestee as spoiled ballots and were rejected and not counted; that such ballots should have been counted as "no" votes; that 55 percent of the qualified electors of the Dix Rural High School District voting on the question submitted did not vote in favor of the proposition submitted; that Clyde Acheson and Olive Bailey who did vote were not legally qualified electors but there was not sufficient credible evidence to show how they voted; and ordered and adjudged that the election be annulled.

Judgment was entered on the findings. The contestee's motion for new trial was overruled, and contestee perfected appeal to this court.

For convenience we will refer to the plaintiff appellees as contestants, and the defendant school district appellant, as contestee.

Winnie Catherine Peterson testified in behalf of the contestants that she had lived in Dix, apparently referred to as Dix City, since 1910. She had no children of school age, did not own real estate in the Dix Rural High School District, did not receive a tax assessment for the year 1950, filed no personal tax schedule for the year 1950, but did file a personal tax schedule for the year 1951. She voted at the special election June 2, 1951.

Olive Isabel Bailey, in behalf of the contestants, testified that she was living in Dix on June 2, 1951; that she and her husband had moved their furniture to Dix about May 1, 1951, and they came to Dix later; and that prior to that time she and her husband resided on the Herb Linn farm which is not in the Dix Rural High School District. They lived there a year before returning to Dix. Their children attended grade school district No. 4, which is not in the Dix Rural High School District. She did not remember whether they were assessed in Dix for taxes or not. They owned a home in Dix, went to work for Herb Linn, and in the interim rented their home. Upon inquiry by the court she testified that they operated a farm owned by Herb Linn on a salary basis, could stay there as long as they wanted to, and had no special arrangements to return to Dix. She informed the court she voted at the special election on June 2, 1951.

Her husband, Wayne Bailey, testified that he and his wife lived on the Herb Linn place for about a year and moved to Dix on May 6, 1951. He did not know that this farm and the improvements thereon were not in the Dix Rural High School District when he voted at the election held on June 2, 1951. He thought he was qualified to vote on the proposition.

Clyde Acheson testified in behalf of the contestants that he had lived in Dix for more than two years; that he lived with his father and did not own any real estate in the Dix Rural High School District, nor did he own any personal property therein. He had no property that

was assessed in 1950 or 1951. He filed a personal tax schedule for the year 1951. Upon inquiry by the court he testified that he voted at the election of June 2, 1951.

The contestee assigns as error (1) that the evidence is insufficient to sustain the judgment of the trial court and is contrary to law; and (2) that the court erred in counting exhibits Nos. 2 and 3 as sufficient legal ballots.

The ballots and poll books, identified as exhibit No. 1, are in evidence.

Section 32-705, R. S. 1943, provides that the voter shall make a cross in the square to the left of the answer he wishes to give to the question submitted.

The following exhibits were identified, offered, and received in evidence without objection: Exhibit No. 2 is an official ballot which properly submitted the question to be voted on, with two squares or blocks with the word "yes" to the right of the top square or block, and the word "no" to the right of the lower square or block. The blank in the top square or block to the left of the word "yes" was completely filled in with blue pencil markings. The lower block to the left of the word "no" contained a cross.

Exhibit No. 3 is the same type of ballot. The block to the left of the word "yes" is filled in completely with blue pencil markings. To the right of the word "yes" is written in blue pencil the word "void." The block or square to the left of the word "no" contains a cross.

In Miller v. Mersch, 152 Neb. 746, 42 N. W. 2d 652, this court said: "It is the policy of the law to prevent the disfranchisement of qualified electors who have cast their ballots in good faith by requiring only a substantial compliance with the election laws of the state."

"On the trial of a contested election ballots will not be treated as void simply because of irregular or unauthorized markings or mutilations which appear to have been innocently made as the result of awkwardness, inattention, mistake or ignorance, if the lawful intent of the voter can be ascertained therefrom." Griffith v. Bona-

witz, 73 Neb. 622, 103 N. W. 327. See, also, State ex rel. Lanham v. Sheets, 119 Neb. 145, 227 N. W. 457; White v. Slama, 89 Neb. 65, 130 N. W. 978, Ann. Cas. 1912C 518; State ex rel. Waggoner v. Russell, 34 Neb. 116, 51 N. W. 465, 33 Am. S. R. 625, 15 L. R. A. 740; Deckert v. Hesch, 296 Ky. 176, 176 S. W. 2d 397; Allen v. Fuller, 332 Ill. 304, 163 N. E. 675; 29 C. J. S., Elections, § 182, p. 266.

It is obvious from the afore-cited authorities that the intention of the voter is the dominant factor to be determined from the ballot.

We have examined exhibits Nos. 2 and 3 carefully and find the intention of the voters casting the ballots to oppose the proposition submitted, and these ballots should have been counted as "no" votes.

Qualified electors to vote at a special election such as in the case at bar are every citizen of the United States (1) who has resided in the district forty days, (2) who is twenty-one years or more old, and (3) who owns real or personal property that was assessed in the district in his name at the last annual assessment, or whose spouse owns real or personal property that was assessed in the name of said spouse in the district at the last annual assessment, or who has children of school age residing in the district. § 79-427, R. R. S. 1943.

In Miller v. Mersch, *supra,* this court said: "While the cases are not in accord as to whether illegal, rejected, and blank ballots shall be counted in determining the total vote cast, we think the correct rule is, in the absence of statutory provisions to the contrary, that ballots which have been cast which are entitled by law to be counted in declaring the result of the election shall alone be counted in determining the vote cast. This simply means that ballots improperly cast, or rejected for illegality, or left wholly blank, are no part of the 'ballots cast at such election' within the meaning of section 79-616, R. S. 1943." For the purposes of this case this would be section 10-702, R. S. Supp., 1949.

The canvassing board for the Dix Rural High School District for the special election met on June 4, 1951, to canvass the vote and count the absentee and disabled ballots. Five absentee and one disabled ballots were opened and counted, all in favor of the proposition submitted. The board then resolved that 272 qualified electors voted, 152 in favor of the question submitted and 118 against it, and 2 ballots, identified as exhibits Nos. 2 and 3, were rejected as spoiled.

While the trial court's finding and judgment are not attacked in such respect, an examination of the record discloses sufficient compliance with the statute, Chapter 32, article 8, R. S. 1943, and the 1949 Supplement thereto, was not had, and the trial court correctly held the absentee ballots and disabled ballot to have been illegally cast and not proper to be counted at said election.

We find the ballots of Winnie Catherine Peterson and Wayne Bailey to be "yes" ballots, and the ballots of Olive Isabel Bailey and Clyde Acheson to be "no" ballots. It is apparent that these electors did not meet the qualification required of electors voting in an election such as the one in this case as clearly indicated by the statute previously summarized, and the trial court did not err in declaring these ballots to be illegal.

Applying the rule above stated in Miller v. Mersch, *supra,* and considering the results determined by the canvassing board wherein the board resolved 272 qualified electors voted, 152 voting in favor of the question submitted, it is apparent that 8 "yes" votes for the proposition submitted were illegal and should be deducted from the 152 votes which would leave 144 "yes" votes. It is unquestioned that 118 votes were "no" votes. We find that exhibits Nos. 2 and 3 should be counted as "no" votes, and therefore added to the 118 "no" votes which would make 120 "no" votes, against the proposition. It is also apparent that there are 2 "no" votes which were illegal, therefore, these 2 "no" votes should be deducted from the 120 "no" votes, leaving 118 "no"

votes, which, together with the 144 "yes" votes, constitute the 262 votes cast at the election by qualified electors. Therefore, the number of "yes" votes, for the proposition, would be less than 55 percent of the qualified electors voting on the proposition submitted, as required by law, and the proposition failed to carry.

We conclude the judgment of the trial court is right, and the same is hereby affirmed.

AFFIRMED.