**MILLER v. FIERS et al.**

Court of Appeals of Kentucky.

Oct. 13, 1953.

B. M. Westberry, Marion, for appellant.

Robert B. Reed, Paducah, for appellees.

CAMMACK, Justice.

W. F. Miller, Jr., and H. B. Fiers were candidates for the Democratic nomination for the office of magistrate in District No. 1 in Livingston County at the last August primary. The election commissioners certified that Fiers defeated Miller by one vote. Miller asked for a recount which resulted in a total vote of 234 for Fiers and 233 for Miller. On this appeal Miller contends that the court erred in rejecting one ballot, which, if counted, would have given the candidates an equal number of votes.

KRS 119.230 provides that, in the event the county board of election commissioners finds that two or more candidates received the highest and equal number of votes for the nomination for the same office, it shall determine by lot which of the candidates is nominated.

On the ballot in question the voter voted in each of six races listed thereon. All of the six stencil marks are smudged somewhat, two of them less than the other four. The markings may have been caused by an excess amount of ink on the stencil, or by the voter having pressed unnecessarily hard on the stencil. In no instance does the stencil mark appear wholly within the square opposite a candidate's name, nor does more than one stencil mark appear in any race. In three races, including that for magistrate, the stencil mark extends into the square opposite the name of the candidate appearing below the name of the candidate whose square contains the principal marking. We think this voter intended to vote for Miller in the magistrate's race. Only one stencil mark was made in the magistrate's race. Actually this mark extends beyond all four sides of the square opposite Miller's name and only a very small edge of the mark touches the square opposite Fiers' name. This ballot should have been counted for Miller.

In the case of Brown v. St. Clair, 311 Ky. 24, 223 S.W.2d 173, some of the ballots in question contained markings similar to those in the instant case. We said there that the marks were sufficient to indicate the voter's choice and were not marks within the meaning of the statute prohibiting the counting of any ballot which bears a mark by which the identity of the voter may be determined. KRS 118.320.

Judgment reversed, with directions to set it aside, and for the entry of a judgment in conformity with this opinion.