**C. W. CONNER et al., Appellants,**

v.

**Walter IDOL et al., Appellees.**

Court of Appeals of Kentucky.

Dec. 13, 1957.

A. E. Funk, Jr., Glenn W. Denham, R. L. Maddox, Robert J. Watson, Middlesboro, for appellants.

H. F. White, Middlesboro, Logan E. Patterson, Pineville, for appellees.

CLAY, Commissioner.

This is a proceeding for a recount of ballots cast in the common council election for the City of Middlesboro at the general election held November 5, 1957. The trial court found that appellee Albert Earle, Republican, defeated appellant C. W. Conner, Democrat, by a majority of four votes.

Only seven ballots are in controversy on this appeal, four of which fall in the same category.

· On each of these four ballots the voter had marked an X in the Republican Party circle at the top of the ballot. For the council office here in controversy, there were six names listed in the Republican column and six names in the Democratic column. The voter could vote for only six. On each of these ballots there was an X mark in the box opposite the name of Conner, and X marks opposite the names of either two or three Republican candidates. No X mark appeared opposite the name of Earle, listed in the Republican column. On none of these ballots had the voter marked opposite the names of as many as six candidates.

The trial court held these ballots spoiled and counted no votes for any of the councilmen. This ruling was apparently based on Stegemen v. Cook, 126 Ky. 114, 102 S. W. 872, and West v. Elliott, 241 Ky. 636, 44 S.W.2d 569. In each of those cases the voter had marked an X in the top circle, thus designating votes for all candidates under a particular party emblem, and had then crossed over to vote specifically for a candidate under another party emblem. The principle laid down was that the vote under the party emblem was a vote for each candidate listed thereunder, and that when votes could be cast for only a certain number of candidates, the specific vote in another column constituted an additional vote for more candidates than could be elected, and consequently the ballot was spoiled.

Appellant contends the rule in the above cases is not applicable here because the voter actually designated specific Republican council candidates as the only ones he was voting for by placing an X opposite the names of those in the Republican column. For example, on ballot marked

"Binghamtown 'B'", there was an X in the Republican Party circle at the top of the ballot; there was an X opposite the names of council candidates H. E. Grace, Jr., and Jack Jenkins in the Republican column; and in the Democratic column there was an X opposite the name of C. W. Conner, the appellant. The argument is made that it appears obvious the voter intended to vote for only three councilmen: two Republicans and one Democrat. It is said his markings opposite the names of the two Republican candidates indicated those were the only Republican candidates for this office for whom he wished to vote, even though he had originally shown an intention to vote for all Republican candidates in the Republican column.

KRS 118.280 provides as follows:

"If a cross mark is made in the circle under the device of a party, and a cross mark is also made in the square after the name of one or more candidates of a different party, the vote shall be counted for the candidates so marked, and not for the candidates for the same offices of the party so marked, *but the vote shall be counted for the other candidates under the party device."* (Our emphasis.)

■ This statute clearly recognizes that an X mark in the party emblem circle constitutes a specific vote for each of the candidates listed thereunder. To cancel a vote for a particular candidate so cast, a voter may vote for an *opposing* candidate in another column. It may be said that this statute contemplates the ordinary situation where each candidate is running against another designated candidate for the same office, and it does not exactly apply to a situation such as the one before us where each candidate is running against all of the candidates whether Democratic or Republican. However, the statute does provide that a mark under the party emblem constitutes a vote for every candidate listed in the column, regardless of the nature of the race.

As an original proposition and in the absence of this statute, it might be entirely reasonable to say that when the voter came to the councilmen's race he intended to abandon his "straight" vote and to vote for only those council candidates opposite whose specific names he made his mark. While such a ruling would conform more closely to what appears to be the apparent intention of the voter, it would be contrary to the statute. In addition, it would change the orderly system of voting and would create endless problems with respect to the nature of the race involved and the specific intention of each individual voter based on different methods of marking the ballot.

■ The right to vote in the party circle is for the convenience of the voter. He is not required to show his party affiliation. If he wishes to vote individually only for certain candidates, and for less than all the offices to be filled, he should not mark under a party emblem. When he does so he has voted specifically for every candidate listed in that column, the same as if he had placed an X mark in the box opposite each individual name under the party device. West v. Elliott, 241 Ky. 636, 44 S.W.2d 569.

■ In the four ballots under consideration the X marks in the boxes opposite particular Republican council candidates have no significance, since by marking in the party circle the voter had thereby cast his vote for all six of the Republican candidates. When he attempted to cast a vote for appellant Conner, he was thereby voting for seven councilmen when he was only permitted to vote for six. Since it cannot be known which Republican candidate he was "scratching" in favor of Conner, this spoiled that much of the ballot and no vote can be counted for any of these councilmen. See cases heretofore cited.

(It may be noted that this difficulty would have been avoided if the counci-

men's race had been placed upon a separate ballot.)

Since appellee Earle was adjudged the winner of the election by four votes, our decision with respect to these four ballots, confirming that of the trial judge, determines the controversy. Even if on the other three ballots in question appellant Conner gained three votes, appellee Earle would still win by a majority of one.

█ Appellant raises a question with respect to costs, but we are of the opinion that they were properly divided between the parties.

The judgment is affirmed.

CAMMACK, J., dissenting.