# Wright v. Crase.

(Decided June 21, 1938.)

J. ERWIN SANDERS, JOHN E. CAMPBELL, FRANCIS M. BURKE and J. L. HAYS for appellant.

H. C. FAULKNER, STEPHEN COMBS, JR., LEWIS E. HARVIE, D. I. DAY and EDWARD C. O'REAR for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE STITES— Affirming.

As is disclosed in Wright v. Crase, 273 Ky. 76, 115 S. W. (2d) 318, on the face of the returns Crase received 5,437 votes and Wright 5,291, or a majority of 146 for the former in the race for County Judge of Letcher County at the November, 1937, election. Dr. Wright promptly instituted proceedings in which he sought only a recount of the ballots. The result of the recount by the special circuit judge was to reduce Crase's majority to 60. On the appeal this court found his majority to be 62, and affirmed the judgment.

Pending the appeal, Dr. Wright filed this suit against Crase in which he alleged that the defendant's election was the result of bribery, fraud and intimidation, the reception of a great many specific illegal votes, and the violation of the Corrupt Practices Act, Kentucky Statutes, sec. 1565b-1 et seq., by and for him. The answer plead the former proceedings and judgment in

abatement and bar of this contest; denied material allegations of the petition; and set up a counter-contest. There were numerous motions in the case and a demurrer to the plea of res judicata. A reply filed before these were ruled on completed the issues. Many thousand pages of depositions were taken and some oral evidence presented. Several days before rendering final judgment, the court (another special judge presiding) overruled the demurrer to the plea of res judicata. But the final decision was not based upon that ruling which, obviously, had the effect of holding the plea to be good. The court eliminated the votes of many specific voters as illegal, some from each party, and found that the contestants had received a majority of seven. However, since the court could not presume that these votes were not among those deducted in the recount as ballots spoiled because of the failure of the election officers to sign same properly, and the contestant had not proved them not to have been already excluded, he, the contestant, had failed to sustain the burden; hence the court adjudged the contestee entitled to the office. He found that the contestee was not shown to have violated the Corrupt Practices Act. The contestant's appeal from the judgment raises many points, but for reasons to be stated we are of opinion the judgment should be affirmed upon the ground that the judgment in the first suit is a bar to the maintenance of this one.

For many years prior to 1930, a recount of the ballots and a recertification of the result could be secured as a general ground of contest of an election. Sometimes it was the only one. See Little v. Hall, 114 Ky. 231, 70 S. W. 642, 24 Ky. Law Rep. 1060; Wolff v. Clark, 212 Ky. 435, 279 S. W. 658. By Chapter 51, Acts of 1930, the legislature amended and reenacted the statute governing contests of election. Section 1596a-12. There was added a proviso "that if either party desire a recount of the ballots before certificate is issued he shall make request therefor in his petition or answer within ten days after the day of election." When there is such request the machinery for making the recount is set in motion and a quick, final decision may be obtained. The amendment concludes:

"This proceeding for immediate recount may be asked and prosecuted in the same suit with regular contest grounds, but shall not await the prepara-

tion of trial of said contest in either court. If an immediate recount is not asked, as herein allowed, the commissioners shall issue the certificates to those shown to have been elected upon the face of the returns.''

In Wurts v. Newsome, 253 Ky. 38, 68 S. W. (2d) 448, a defeated candidate filed a petition asking a recount of the ballots on the ground that by fraud and mistake the election commissioners had incorrectly counted, tabulated and recorded the votes cast for each party. He alleged that a correct recount of the ballots would show that he, the plaintiff, received more votes than the defendant. The recount did show the plaintiff received a majority. The right of the court to recount the ballots was challenged by the defendant on the ground that the petition was not filed before the certificate of election was issued but afterward. We held that the right to obtain a recount as a ground of contest originally existing was preserved by the amendment and that it had established another method for securing the same, saying (page 449):

"In short, a statute provides two methods of obtaining a recount, one by request, without stating any grounds therefor, and the other by contest on the ground of fraud or mistake on the part of the election commissioners. Whether the first method mandatorily requires that the pleading asking for a recount be filed before the certificate is issued, we deem it unnecessary to determine. Here Newsome asked for a recount on the ground of fraud or mistake of the election commissioners. In the circumstances his petition contained all the elements necessary for a regular contest and, having been filed within the time prescribed by the statute, was sufficient to authorize a recount, even though it was not filed until after the certificate was issued. It follows that the court did not err in ordering a recount."

It is argued by the appellee that Wright's first suit, in which he obtained a recount of the ballots, was of like character; that is, that it was a regular contest upon the single ground, filed after the certificate had been issued to the contestee, and, therefore, that the judgment rendered therein is a bar to this second regular contest. The answer presenting that plea of res

judicata filed as a part of it copies of the petition, answer and judgment in that suit. That petition was filed November 11, 1937. It set up in detail the plaintiff's qualifications as a candidate and his compliance with the Corrupt Practices Act. It stated that the election commissioners had counted the ballots with certain results, and then charged that they and those helping, aiding and assisting them in counting the ballots "improperly, wrongfully and unlawfully, by mistake, oversight, fraud or otherwise, counted, tabulated and certified in each and every voting precinct in said county a less number of votes as having been received by this plaintiff for the office of County Judge of Letcher County than he actually received at said election as a candidate for said office." It was further alleged in the same language that the defendant commissioners had counted and certified a larger number of votes for the defendant than he had actually received or had been cast by him. The petition plead that if the ballots had been properly counted and certified the same would have shown the plaintiff's election. It further charged that the commissioners had counted, tabulated and certified more than 500 votes for Crase which were illegal because not signed by the election officers; that more than 200 ballots voted and stenciled under both emblems were counted and certified for the defendant Crase; and that more than 400 ballots had been counted, tabulated and certified for him which had not been so voted. It was averred that all of these should be held void and stricken from the total number of votes reported for Crase. The plaintiff asked for a recount of the ballots in all 53 precincts of the county, and alleged that same would show that he received a majority of more than 500 of all the legal votes cast in the election. The prayer of the petition was in accord with its allegations. It further asked that the plaintiff be awarded a certificate of election and the board of election commissioners be ordered to meet and issue the same to him, and "for all proper and equitable relief to which he (plaintiff) may be entitled."

The answer joined issue on all of the material allegations of the petition, including that as to the plaintiff's compliance with the Corrupt Practices Act. The judgment was "that the defendant, James M. Crase, received a majority of all the votes cast at said election as shown by the recount for said office, of 60 votes, and

he is therefore declared duly elected to said office at said election, and the plaintiff's petition is dismissed and he will take nothing thereby." We think it is obvious that the first proceeding was a regular contest of the election and the judgment was final.

It may be again observed that the statute provides the special proceeding or alternate, independent method for obtaining a recount of the ballots established by the amendment of 1930 shall be taken before the certificate of election has been issued. We understand the 1930 amendment to mean that if that procedure only is followed, a general contest may also be instituted as a separate proceeding. But the first case brought by Wright was not so limited. It was filed after the certificate had been issued and embraced all the elements of a complete contest. The judgment adjudged Crase to have been elected and Wright not entitled to the office. It cannot be distinguished from the proceeding held in Wurts v. Newsome, supra, to have been a regular or general contest.

It is true that the present case raises many issues not raised in the first one, and also that the petition was filed within 30 days after the day of election as is permitted by Section 1596a-12, Statutes. But as held in Newhall v. Mahan, 245 Ky. 626, 54 S. W. (2d) 26, 28; "This fact does not prevent the operation of the rule of res judicata; nor avert the effect of the plea of estoppel by the judgment by setting up in their petitions additional or new grounds of relief as a part of their separate causes of action." And as further declared in that opinion:

"No rule is better established or more familiar than the one that a judgment is conclusive in a second action between the same parties, involving, in whole or in part, the same cause of action as to all matters which were or might have been determined in the first action."

It seems to us, therefore, as has already been stated, that the final judgment rendered in the first proceeding was a bar to this contest.

Wherefore the judgment is affirmed.