## Austin v. Anderson et al.

Sept. 29, 1939.

As Extended Oct. 3, 1939.

L. L. Hindman, Judge.

Webb & Webb, F. B. Martin and McDonald & Boaz for appellant.

L. R. Smith, Speight & Wiggins and W. H. Wyman for appellees.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—
Reversing.

The case involves the Democratic nomination for Circuit Court Clerk of Graves County. At the primary held August 5th, last, the Board of Election Commissioners found that Acree Austin received 3,790 and Lewis Anderson, the incumbent, received 3,780 votes. Two other candidates received fewer. On August 11th, Anderson filed in the Circuit Court a pleading styled "Petition asking for an immediate recount of the ballots cast in the Democratic primary election for the

office of Clerk of the Graves Circuit Court." The de-fendants, Austin and the County Board of Election Commissioners, were served with process on the same day. After demurrers and preliminary motions had been disposed of Austin filed his answer on August 17th. It was only a traverse of the allegations of the petition. However, the defendant therein expressed the reservation of a right to file an amendment "within the time prescribed by law." The court recounted the ballots through the protempore Clerk and assistants. It appears in the record that the recount was completed in the evening of August 19th, and a tentative recapitulation made, with the announcement by the court's assistants that Anderson had won, but this was subject to correction. On the same day Austin filed, over objection, an "Answer, additional answer, amended answer and counter-contest." The trial was resumed on August 22nd, when a tabulation and recapitulation of the recount was presented to and approved by the court and ordered to be recorded. The court took under advisement a special demurrer to and motion to strike the defendants' amended pleading and then adjourned until the 29th. On that day the court sustained the special demurrer and motion to strike and entered judgment reciting the result of the recount of the ballots to be that Anderson had received 3,793 and Austin 3,786 votes, and adjudging that Anderson had been duly nominated. Appropriate directions were given the county election commissioners. On the same day Austin executed a supersedeas bond for an appeal.

On September 7th, Austin filed the original record and an appeal in this court, perfected according to law. The appellee, Anderson, has filed a motion to dismiss the appeal and strike the record. When the motion was passed to be considered with the merits of the case, Anderson presented a cross-appeal, the consideration of which was also passed.

The motion to dismiss the appeal is upon the ground that it was not filed within time. Section 1550-28, Statutes, relating to contests, provides:

"The party desiring to appeal from the judgment of the court shall not later than the next day after the same is rendered, execute a supersedeas bond in the same form and to the same effect as other supersedeas bonds in other civil actions for an ap-

peal to the Court of Appeals, and the clerk shall immediately thereafterwards transmit to the clerk of the Court of Appeals the original papers in said contest, including such transcript of evidence as may be furnished or as may be required by the court or by the parties.''

The amendment (Section 1, chapter 62, Acts of 1934) relating to a recount, independent of a contest, provides:

''Either party desiring to do so may appeal from the judgment of the Court of Appeals by executing supersedeas bond, as required in other civil cases, before the clerk of the circuit court and by filing the original papers and transcript of the orders in the Court of Appeals within ten days after the entering of said judgment.''

The same provision is made in relation to a recount of ballots cast in a regular election. Section 1596a-12, Statutes.

It is to be observed that in the first character of case it is made the duty of the clerk to transmit the record of the Court of Appeals immediately, while in the second character of case a party appeals by filing the record within ten days after judgment. This record was filed on the 10th day—counting both the day of judgment and the day of filing.

Though the appellee seems to take a converse position on the question of the right of appellant to amend his pleading, he says here that this is a contest, hence that the record must have been filed immediately, and that ten days after judgment, or seventeen days after August 22nd, when the result of the recount was ascertained and the papers recorded, is not immediately. If this be strictly a recount proceeding, then Anderson submits that August 22nd is the controlling date and the appeal was not filed within ten days. In many cases, as it was here, it is necessary that a transcript be made of oral evidence heard by the court, and, obviously, an appreciable time must be given for that to be done after judgment. We do not think the legislature used the word ''immediately'' in the sense of instantly or forthwith, but rather as meaning without unnecessary delay or as soon as practicable, or with due diligence under the circumstances of the particular case. Cf. Raymer v.

Willis, 240 Ky. 634, 42 S. W. (2d) 918. We think that the stipulation of ten days for an appeal of a recount judgment indicates the legislature's view that that is a reasonable time. The date of the judgment—August 29th—and not the date of the ascertainment of a fact, though it be noted of record, is controlling. Therefore, the motion to dismiss the appeal is overruled.

The trial court ruled that the defendant, Austin, could not maintain a counter-contest presented by his amended pleading, the ground of which is that 60 named disqualified voters had voted for his opponent.

In the first paragraph of the petition the plaintiff merely stated his qualification as a candidate, the prima facie result of the election, the non-issuance of a nomination certificate to his successful opponent, the maintenance of the integrity of the ballots, and that he desired an immediate recount which, he averred, would show that he, the plaintiff, had received the greater number of votes, and was entitled to the nomination. He tendered a bond for the costs of the recount. The second paragraph of the petition charges that the "erroneous counting of said ballots was made by reason of mistake or oversight." The petition is styled only as a petition for a recount and contains no charge of fraud nor the counting of illegal votes, nor a failure to count votes to which the petitioner was entitled.

The appellant, Austin, takes the position here that the petition was both a request for a recount and a contest, which double proceeding is expressly authorized by the statute, by prescribing that a proceeding for an immediate recount "may be asked and prosecuted in the same suit with regular contest grounds, but shall not await the preparation or trial of said contest in either court." Section 1550-28. There is no specific provision in the 1934 amendment for a counterclaim or contest. Indeed, it is not required that any ground or reason shall be stated in support of the request nor that the opposing candidate shall respond by pleading. The circuit court was of opinion that the petition was effectually, if not technically, a straight-out contest and that there had been an issue joined and the only question presented had been tried, so that it was too late for the defendant to set up a counter-contest. The ruling was based upon the opinions of Wurts v. Newsome, 253 Ky. 38, 68 S. W. (2d) 448; and Wright v. Crase, 274 Ky.

628, 119 S. W. (2d) 858. The facts in the Wright case are very different. The pleading in the Wurts case, held to be a regular contest, is similar but distinguishable from the instant case. There the plaintiff charged that the election commission had "by fraud or mistake" incorrectly counted and recorded the votes cast and had failed to count a large number of legal votes which had been cast for the plaintiff and had counted for the defendant more votes than he received. There is no pleading of fraud or other deliberate misconduct in this case.

However, under what we consider is the proper construction of this indefinite and confusing statute, we find it unnecessary to identify or classify the petition as being strictly a contest or strictly a request for a recount or both. The statute (Section 1550-28) as amended must, of course, be construed to make it workable and all its parts effectual. The presumption of an intention that both parties shall have a fair and full hearing, provided they proceed diligently within the various periods prescribed, must be entertained. It is provided that a contestee may present a counter-contest within ten days after service of summons upon him. When a candidate has prima facie won his nomination, there is no reason for him to initiate a contest. But whenever that prima facie status has been attacked either by a petition for a recount or a contest, it is fair that the candidate who may be adversely affected thereby should be accorded the opportunity to contest the election given him by the law. The statute provides that a contest may be instituted "within 15 days from the day of the primary election." It is further provided, "The contestee shall file his answer within ten days after service of summons, which answer may contain grounds of contest in favor of appellee and against appellant * * * and no ground of contest by either party shall be filed or made more definite by amendment after the expiration of the time given herein to file same." In this case the counter-contest was presented within both the time for filing an original contest and the time for filing a counter-contest. The cases holding that no new ground may be presented by amendment will be found to refer to amendments of contests or counter-contests filed after the period of limitations. The provision that no ground of contest may be filed after the expiration of the prescribed time for filing a contest or counterclaim implies, as a logical deduction, that such may be filed within that time. It

was so held under similar statutes (Taylor v. Neutzel, 220 Ky. 510, 295 S. W. 783), and this statute has not been construed otherwise.

We are of opinion the court committed an error in sustaining the special demurrer and striking the defendants' amended pleading.

Under the peculiar facts of the case, we think Austin's pleading should be treated as an original contest; and, since by the court's error in striking it Anderson was deprived of the opportunity to respond, he should now be permitted to file an answer in five days, the time stipulated in the statute for filing a reply, in which he may set up any competent defense or counter-contest he may desire.

We have examined the evidence with care. It shows that the county clerk diligently and carefully performed his duties relating to the reception of the ballot boxes from the precinct officers and to keeping them under his protection as the law requires. The evidence shows that the boxes and the room in which they were stored after the ballots were counted were carefully locked and guarded at all times, not only by the county clerk or his deputy but by representatives of both parties. The substance of the argument that the integrity of the ballots was not shown is only the developed possibility that a man might have walked along a ledge of the building from a porch and entered a window to the room or reached it by a ladder, and the suspicion that there may have been keys to the room other than those of which the county clerk had knowledge, and all of which he took into his personal possession. The evidence shows that the windows and doors to this room were locked and that they were well guarded. The possibility of the ballots having been tampered with is very extreme. The fact that some of the men who were on guard did not testify is not of controlling importance. As we read the evidence that was heard, it was sufficient to show a continuous protection; and there was no evidence to the contrary. See Land v. Land, 244 Ky. 126, 50 S. W. (2d) 518. We concur in the conclusion of the trial court that the integrity of the ballots was satisfactorily shown and the recount authorized.

Seventy ballots have been brought to this court, though the appellant does not question the correctness of the recount in which they were considered. The ap-

pellee, by cross-appeal, maintains that the trial court should have deducted certain nine votes adjudged to the appellant, Austin, and have added certain nine other votes to his total, thereby increasing his majority to twenty-five.

We have gone over these questioned ballots and find the action of the court in counting or refusing to count them was proper, except as to two of them. In the Fairbanks precinct there is a ballot bearing cross marks opposite the names of both Anderson and Austin. It was counted for neither candidate. The mark opposite Austin's name was sufficiently rubbed out to show the intention of the voter was not to vote for him and to vote for Anderson. In the Symsonia precinct there is a ballot clearly voted for Anderson which the trial court rejected. It is said in brief, and shown by an endorsement on the ballot bearing the initials of the circuit judge, that the rejection was because an officer of the election testified that the ballot was a duplication and another ballot had been issued to the same voter and cast by him. Whatever may be the competency of such an impeachment in a trial of a contest, it is clear that in a recount such evidence should not have been received or regarded. We are of opinion that these two votes should have been and should be added to Anderson's total, thereby giving him a majority of nine votes over Austin instead of seven.

The cross appeal is allowed and the judgment reversed with directions to correct it accordingly.

Judgment reversed on both the original and cross appeal for consistent proceedings.

Whole Court sitting.

The Clerk shall issue an immediate mandate.