## Kincaid v. Hurst.

Oct. 17, 1941.

Williams & Allen for appellant.

Shumate & Shumate for appellee.

OPINION OF THE COURT BY JUDGE TILFORD—Affirming.

The sole question presented for decision by this appeal is whether an adverse judgment in a proceeding for a re-count of the ballots cast in the August 2, 1941, Primary barred a subsequent contest by appellee in which he was adjudged entitled to the Republican nomination for the office of sheriff of Lee County. Both proceedings were instituted under the provisions of Section 1550-28, Kentucky Statutes, the former on August 6th, and the latter on August 16, 1941. The recount resulted in reducing appellant's apparent majority from four to three votes. The contest resulted in a judgment that the appellee had received an actual majority of twenty-five votes, the correctness of which finding is not questioned.

Urged only on this appeal from the judgment in the contest action is the contention that the Court should have overruled, instead of sustained, appellee's demurrer to the first paragraph of appellant's answer and counterclaim in which he pleaded in bar the judgment in the re-count proceeding. Since it is necessary that this appeal be disposed of expeditiously in order that the nominee's name may be printed on the general election ballot, we shall not elaborate upon the applicable provisions of the Statute referred to, but refer the interested reader to our opinion in the case of Austin v. Anderson et al., 279 Ky. 742, 132 S. W. (2d) 56. Suffice it to say that the Statute authorizes both character of proceedings, which may be united or prosecuted separately; and that if a proceeding to obtain a re-count only is instituted before the certificate of nomination has been issued, a contest may thereafter be instituted as a separate proceeding.

The substance of appellant's argument is that since it was not necessary for appellee to have alleged "grounds" in order to obtain a re-count, his action in filing a petition setting forth grounds which this Court, in order to preserve the rights of litigants, has held were sufficient to initiate a contest, must be held to have brought about that result; and that, having thus instituted one contest and prosecuted it to a conclusion, he was precluded by the adverse judgment therein entered from maintaining another. The sole basis for this contention is the allegation contained in the petition for a re-count that the election commissioners tabulated the ballots, and that "the result of said tabulation showed that the plaintiff received 776 votes and the defendant, Shelby Kincaid, received 780 votes, when, as a matter of fact, the plaintiff received more votes than said defendant, *the election commissioners having made a mistake in the counting of said ballots.*" (Italics ours.) The authorities relied upon by appellant in support of this argument are: Snowden v. Flanery, 159 Ky. 568, 167 S. W. 893; Kean v. Whittle, 210 Ky. 273, 275 S. W. 818; Wolff v. Clark, 212 Ky. 435, 279 S. W. 658; Thurman v. Alvey, 192 Ky. 341, 233 S. W. 749; Shelton v. Hensley, 221 Ky. 808, 299 S. W. 979; Wurts v. Newsome, 253 Ky. 38, 68 S. W. (2d) 448; Wright v. Crase, 274 Ky. 628, 119 S. W. (2d) 858. But we have been cited to no case holding that the mere statement that an error in counting the votes cast was the result of a mistake of the commissioners operated to convert a proceeding obviously in-

stituted solely for the purpose of obtaining a re-count, into a contest proceeding, the judgment in which was res judicata of a subsequently instituted actual contest. Certainly, no more innocuous words could have been used. Where employed in a proceeding obviously instituted solely for the purpose of obtaining a re-count, they should be regarded as surplusage, since, in the absence of fraud, the error in counting, to correct which the proceeding was instituted, must have been the result of mistake.

That the first of the two proceedings was of the latter class is manifest by its caption in which it is designated "Petition for a Re-Count"; by the statement in the concluding paragraph, "The plaintiff brings this action under Section 1550-28 of the Kentucky Statutes for a re-count of the ballots cast in the election aforesaid"; and by the prayer which is as follows:

"Wherefore, the plaintiff prays for a re-count of the ballots cast in the Republican primary election held on August 2, 1941, in the race between him and the defendant, Shelby Kincaid, as candidates for sheriff aforesaid, and that he be adjudged the nominee of the Republican Party for sheriff of Lee County in the coming November election, and he prays for all the relief provided for him in the laws of the state of Kentucky concerning re-count; and the defendant Commissioners be required to issue him a certificate of nomination, and for all proper relief."

Moreover, the judgment in the re-count proceeding on which appellant relies as a bar to the subsequent contest reads:

"In the preparation of this judgment the plaintiff, by counsel maintains that this judgment might, in some manner, affect rights claimed by the plaintiff in this case to maintain a regular contest action against the defendant herein. It is, therefore, in this judgment provided that the rendition of this judgment does not affect any legal rights of the plaintiff to maintain a contest action, if any he has, nor does it affect the rights of the defendant, if any he has, to defend such contest action."

As appears from other recitations in the judgment, the quoted sentences were inserted because the Special

Judge designated to try the re-count proceeding did not feel that his authority included the right to try the contest suit, and had accordingly overruled a motion of the appellee to consolidate the contest proceedings with the proceedings to obtain a re-count. Subsequently he was designated to try the contest action. It would be difficult to rationalize appellant's theory that a judgment, which expressly recites that it does not affect the issues involved in a pending proceeding, nevertheless may be pleaded in bar of such proceeding. But it is not necessary that we undertake the task, since it is manifest from a consideration of the undisputed facts and the authorities cited that appellant's plea of res judicata is without merit.

Judgment affirmed.