## Hawkins v. Colbert et al.

Nov. 13, 1942.

G. Tom Hawkins for appellant.

J. J. Leary, John S. Cooper, and Elmer Drake for appellees.

OPINION OF THE COURT BY JUDGE FULTON—Affirming.

The appellant, G. Tom Hawkins, who was a candidate for the Republican nomination for United States Senator at the primary election on August 1, 1942, forwarded to the clerk of the Franklin circuit court on August 12 a petition purportedly contesting the nomination not only of the successful Republican candidate but of the Democratic nominee as well. Also named as parties were the unsuccessful Republican and Democratic candidates. No specific grounds of contest were set out as required by KRS 122.020 (K. S. Section 1550-28) but the petition contained merely a general charge of conspiracy on the part of the defendants to obtain the respective nominations and prevent appellant from securing the Republican nomination. Accompanying appellant's petition was a money order for $1.64. The circuit clerk, the day the petition was received, wrote a letter to appellant advising him it would be necessary for him to deposit $7.01 additional to pay the balance of the clerk's $5 filing fee provided by KRS 64.030 (K. S. Section 1720) and to pay the various sheriffs for serving process and that the clerk was holding the petition pending receipt of further information. On August 17 appellant, by telegram forwarded $10 to the clerk with direction to file the petition as of August 12. The clerk, however, endorsed it filed as of August 17, 1942.

The appellees filed special demurrers to the petition, challenging the jurisdiction of the court because the action was not filed in the county of the respective contestees' residence and because it was filed too late. The special demurrers were sustained and the petition dismissed. This appeal follows.

Both of the jurisdictional questions raised by the special demurrers justified the trial court in sustaining the demurrers and dismissing the petition. KRS 122.020 (K. S. 1550-28) regulating the procedure in primary election contests provides that the petition shall be filed in the circuit court of the county of the contestee's residence within 15 days from the day of the primary election, stating the specific grounds relied upon for the contest. No one of the defendants in the action was a resident of Franklin County. It is therefore clear that the Franklin circuit court was without jurisdiction of the

persons of the appellees. And, since the petition was not filed until August 17, it was not filed within 15 days from the day of the primary election as required by the section referred to. The mere lodging of the petition with the clerk without the payment of the $5 filing fee required by the statute amounted to nothing in view of the clerk's refusal to file it. That he had the right to refuse to file it was decided in Harbison v. George, 228 Ky. 168, 14 S. W. (2d) 405, where it was sought by injunction to compel the clerk to file the petition without payment of the filing fee and it was held that this could not be done—that the clerk was justified in his refusal.

It is argued by appellant, however, that the statute requiring the deposit of the $5 filing fee as a prerequisite to filing a petition is void as being in contravention of the Constitutions of this state and the United States. But in the case referred to this question was fully considered and it was held that the requirement of this deposit was not unreasonable and did not violate either the Constitution of this state or of the United States.

The trial court correctly sustained the special demurrers and dismissed the petition.

Judgment affirmed.