Isom **RITCHIE, Petitioner,**

v.

Ben **MANN, Judge, Knott Circuit Court and Delmas Inman, Respondents.**

Court of Appeals of Kentucky.

Sept. 28, 1973.

John Chris Cornett, Cordell H. Martin, Hindman, Edward L. Fossett, Frankfort, G. Lee Langston, Lexington, for petitioner.

Walter W. Turner, Mann & Turner, Salyersville, for respondents.

PALMORE, Chief Justice.

## DENYING PROHIBITION

Isom Ritchie petitions for an order prohibiting the respondent Ben Mann, as judge of the Knott Circuit Court, from adjudicating a primary election contest brought against the petitioner by the respondent Delmas Inman. His ground for such relief is that because Inman did not pay the $35 required by KRS 64.030 and KRS 142.011 to be advanced to the clerk upon the filing of an original action in the circuit court the contest was not duly "filed" within 15 days after the election and hence the circuit court does not have jurisdiction to entertain the contest. Cf. KRS 122.020.

Ritchie and Inman were candidates for the Democratic nomination for the office of magistrate in the primary election held on May 29, 1973. Ritchie was the apparent winner by one vote, 173 to 172. Inman filed suit under KRS 122.060 for a recount, in which it was eventually determined that Ritchie had won by two votes, 173 to 171. On June 12, 1973, and within 15 days from the day of the primary election, while the recount proceeding was still pending, Inman's attorney delivered to a deputy clerk in the office of the circuit court clerk a pleading styled "Contest of Primary Election" in which Inman named 29 persons alleged to have voted illegally and in Ritchie's favor and demanded that he, Inman, be adjudged the winner of the election. Summons was issued on this pleading the same day and was served the next day, June 13, 1973. On June 22, 1973, Ritchie filed an answer and counterclaim denying Inman's allegations, naming 13 persons alleged to have voted illegally and in Inman's favor, and demanding that he, Ritchie, be declared the winner. By amended petition Inman added (or attempted to add) further names of persons alleged to have voted illegally for Ritchie and asked that their votes also be deducted from Ritchie's total. The pleadings were then completed by Ritchie's amended answer denying these allegations and by Inman's reply denying the allegations of the counterclaim.

After all these pleadings had been served and filed Ritchie moved to dismiss Inman's contest on the ground that the court had no jurisdiction because the $35 advance fee had not been paid and, therefore, the contest proceeding had not been effectively filed within 15 days from the day of the primary election. The motion having been denied, this original action for prohibition ensued.

It is undisputed that the filing fee was neither paid nor demanded when the contest petition was lodged with the deputy clerk. The action was neither listed on the clerk's civil docket nor assigned a number. Nevertheless, it is undisputed also that when the deputy clerk received the document she endorsed it, "Filed 6/12/73 by D. R." and that a summons was issued the same day and executed on Ritchie the following day.

█ It may be conceded that election contests are held strictly to the technical requirements of the statutes by which they are authorized. The technical (and jurisdictional) requirement pertinent to this case is that the contest be instituted "by

filing a petition in the circuit court within fifteen (15) days from the day of the primary election," etc. CR 3 provides that a civil action is commenced "by the filing of a complaint with the court and the issuance of a summons or warning order thereon in good faith."

█ The advance payment of costs, or filing fee, is not required by the contest statute or by the Civil Rules, but by other statutes. This court has held that the clerk may refuse to file a complaint without payment of the fee, cf. Hawkins v. Colbert, 292 Ky. 84, 165 S.W.2d 984 (1942), but has never held that he cannot file it or that a filing without payment is ineffective. It is our opinion that if the clerk receives the document without indicating that it is not being accepted as "filed" or that it will not be docketed until the fee is paid, it is effectively filed. In this instance there was no such indication and, in fact, no mention of the fee by either the deputy clerk or the attorney.

█ There is still another reason why in this particular instance the contest should be considered as properly filed. A contest proceeding under KRS 122.020 and a recount proceeding under KRS 122.060 may be brought either together or separately. Kincaid v. Hurst, 287 Ky. 824, 155 S.W.2d 225 (1941). Since they can be joined in the first instance, there is no logical reason why they cannot be joined by amendment or supplemental petition. Had the question of the filing fee been raised when Inman delivered his petition to the office of the clerk, he might well have been able to take the necessary steps to have it allowed as an amended or supplemental petition in the recount proceeding.

Prohibition is denied.

PALMORE, C. J., and JONES, MILLIKEN, OSBORNE, REED, STEINFELD and STEPHENSON, JJ., sitting.

All concur.