RENDERED: SEPTEMBER 22, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-1263-MR

JEREMY COOPER AND
NATASHA COOPER                                                          APPELLANTS


APPEAL FROM BOONE CIRCUIT COURT
v.          HONORABLE RICHARD A. BRUEGGEMANN, JUDGE
ACTION NO. 22-CI-00548


ST. ELIZABETH MEDICAL CENTER
D/B/A ST. ELIZABETH HOSPITAL
FLORENCE                                                                   APPELLEE


OPINION
AFFIRMING

** ** ** ** **

BEFORE:  THOMPSON, CHIEF JUDGE; ACREE AND JONES, JUDGES.

JONES, JUDGE:  Jeremy and Natasha Cooper ("the Coopers") appeal an order of

the Boone Circuit Court that dismissed their negligence claims against St.

Elizabeth Medical Center d/b/a St. Elizabeth Hospital Florence ("St. Elizabeth") on

limitations grounds.  Upon review, we affirm.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

The Coopers sued St. Elizabeth in Boone Circuit Court for negligence, vicarious negligence, and loss of consortium stemming from an alleged injury Jeremy sustained after sitting on a surgical needle at St. Elizabeth Hospital in Florence, Kentucky.  According to the Coopers' complaint, Jeremy sustained his injury and received treatment for it on May 8, 2021.  However, according to the docket and case history of this matter, the Coopers did not file their complaint until May 11, 2022 – after the applicable statute of limitations had expired.  *See* KRS[1] 413.140(1)(a).  On May 27, 2022, citing the apparent untimeliness of the Coopers' action, St. Elizabeth moved for judgment on the pleadings.  The Coopers filed no response and did not attend the circuit court's July 5, 2022 hearing regarding St. Elizabeth's motion.  Following the hearing, the circuit court granted St. Elizabeth's motion.

The Coopers later moved the circuit court to set aside its dispositive judgment pursuant to CR[2] 59.05, asserting their complaint was or should have been considered timely.  In support, they produced affidavits from a secretary and the office manager of their attorney's law firm which, in sum, represented that the Coopers' attorney had not responded to St. Elizabeth's motion nor attended the

---

[1] Kentucky Revised Statute.

[2] Kentucky Rule of Civil Procedure.

hearing because he had been in the hospital; and that in any event the Coopers' complaint had been "submitted" through the court's electronic filing system on May 6, 2022, within the one-year limitations period. According to the secretary and office manager, the Boone Circuit Clerk had refused to file the Coopers' complaint until May 11, 2022 – the date they ultimately contacted the clerk about its filing status, were directed to the e-filing help desk, and were informed "there was an issue with the payment and [they] would have to start the filing over which [they] did." The secretary and office manager blamed the "issue with the payment" on the clerk and the court's electronic filing system, not on themselves or the Coopers, and asserted "there was plenty of money in the firm's bank account to pay the filing fee."

Upon consideration, and for the reasons discussed in our analysis below, the circuit court overruled the Coopers' CR 59.05 motion. This appeal followed.

## II.   STANDARD OF REVIEW

The standard of review for a ruling on a motion for judgment on the pleadings is well established:

> [CR] 12.03 provides that any party to a lawsuit may move for a judgment on the pleadings." [*City of Pioneer Vill. v. Bullitt Cty.*, 104 S.W.3d 757, 759 (Ky. 2003)]. A judgment on the pleadings "should be granted if it appears beyond doubt that the nonmoving party cannot prove any set of facts that would entitle him/her to

-3-

> relief." *Id.* "[T]he circuit court is not required to make any factual determination; rather, the question is purely a matter of law." *James v. Wilson*, 95 S.W.3d 875, 883-84 (Ky. App. 2002). Further, CR 12.03 may be treated as a motion for summary judgment. *Schultz v. Gen. Elec. Healthcare Fin. Servs., Inc.*, 360 S.W.3d 171, 177 (Ky. 2012). We review a judgment on the pleadings *de novo*. *Id*.

*Scott v. Forcht Bank, NA*, 521 S.W.3d 591, 594 (Ky. App. 2017).

### III.   ANALYSIS

The Coopers' complaint, as filed by the clerk on May 11, 2022, was untimely on its face. Accordingly, following St. Elizabeth's motion for judgment on the pleadings, the Coopers bore the burden of proving such facts as would toll the statute of limitations. *See Southeastern Ky. Baptist Hosp. v. Gaylor*, 756 S.W.2d 467, 469 (Ky. 1988). On appeal, and reiterating their arguments set forth above, the Coopers assert they did so and that the circuit court consequently erred in overruling their CR 59.05 motion. For the same reasons expressed by the circuit court below, we disagree.

First, the Coopers' sole CR 59.05 argument in opposition to St. Elizabeth's motion – which essentially blamed the untimely filing of their complaint upon an unelaborated-upon filing fee "issue" allegedly caused by an error with the court's electronic filing system – was improperly raised and, short of

qualifying as palpable error,[3] could not have served as a basis for setting aside the circuit court's order of dismissal. "A party cannot invoke [CR 59.05] to raise arguments and introduce evidence that could and should have been presented during the proceedings before the entry of the judgment." *Givens v. Commonwealth*, 359 S.W. 3d 454, 466 (Ky. App. 2011) (citations omitted). Here, the Coopers do not contest that their attorney was effectively served with St. Elizabeth's motion for judgment on the pleadings well in advance of the circuit court's July 5, 2022 hearing and dispositive judgment. Furthermore, their CR 59.05 argument exclusively concerned facts and circumstances which, according to the affidavits that accompanied their motion, were known to their counsel and his firm over a month before the circuit court entered its July 5, 2022 order of dismissal.

Second, the Coopers' CR 59.05 argument lacked merit. Even if the Coopers "submitted" their complaint through the electronic filing system on May 6, 2022, doing so would not have rendered their complaint timely. Circuit clerks

---

[3] *See* CR 61.02. The Coopers' argument does not support that any form of palpable error occurred in this matter; apart from that, palpable error review is unwarranted because the Coopers have made no such request. Absent extreme circumstances amounting to a substantial miscarriage of justice, an appellate court will not engage in palpable error review "unless such a request is made and briefed by the appellant." *Jenkins v. Commonwealth*, 607 S.W.3d 601, 613 (Ky. 2020) (quoting *Shepherd v. Commonwealth*, 251 S.W.3d 309, 316 (Ky. 2008)).

are entitled to refuse filing any complaint until the requisite filing fee is paid,[4] which is apparently what occurred here. Taken at face value, the self-serving affidavits from the individuals employed by the law firm hired by the Coopers stop short of indicating that the requisite filing fee for the Coopers' complaint was paid any time prior to May 11, 2022, after the limitations period had already expired. To the extent that the Coopers are arguing that a malfunction of the electronic filing system thwarted their attempt to pay the filing fee in a timely manner – and they offer no evidence to that effect – any such argument is not legally cognizable. Statutes of limitation implicate particular-case jurisdiction. *See Nordike v. Nordike*, 231 S.W.3d 733, 738 (Ky. 2007). Our Supreme Court's e-filing rules in effect when the Coopers initiated their suit clearly provided that technical system failures did not excuse a failure to meet a jurisdictional deadline and placed the onus upon the e-filers (*i.e.*, the Coopers) to ensure the timely filing of any document. *See* Ky. St. Admin. E-Filing AP at § 18(1) (as amended by Order 2018-11).[5]

---

[4] *See Ritchie v. Mann*, 500 S.W.2d 62, 64 (Ky. 1973) ("[T]he clerk may refuse to file a complaint without payment of the fee[.]"). CR 3.01 states a civil action is commenced with "the filing of a complaint with the court and the issuance of a summons or warning order thereon in good faith." CR 3.02(1) instructs the clerk to collect the filing fee at the time of filing suit in circuit court. The language of the rule is mandatory and required the Clerk to collect the filing fee prior to filing the Coopers' action.

[5] When the Coopers initiated their suit, Ky. St. Admin. E-Filing AP at § 18(1) provided:

-6-

## IV. CONCLUSION

In light of the foregoing, we AFFIRM.

ALL CONCUR.

BRIEF FOR APPELLANTS:

Alan J. Statman
Cincinnati, Ohio

BRIEF FOR APPELLEE:

Ellen M. Houston
Michael J. Enzweiler
Covington, Kentucky

---

Jurisdictional Deadlines. Some deadlines are jurisdictional and cannot be extended. A technical failure, including a failure of the eFiling system, will not excuse a failure to comply with a jurisdictional deadline. The eFiler must ensure that a document is timely filed to comply with jurisdictional deadlines and, where necessary to comply with such deadlines, the eFiler must file the document conventionally accompanied by a certification of the necessity to do so in order to meet a jurisdictional deadline.

Our Supreme Court subsequently renumbered this provision, but to date this rule remains in force.