# IMPORTANT NOTICE
## NOT TO BE PUBLISHED OPINION

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED." PURSUANT TO THE RULES OF CIVIL PROCEDURE PROMULGATED BY THE SUPREME COURT, RAP 40(D),  THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE CITED OR USED AS BINDING PRECEDENT IN ANY OTHER CASE IN ANY COURT OF THIS STATE; HOWEVER, UNPUBLISHED KENTUCKY APPELLATE DECISIONS, RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE BEFORE THE COURT.  OPINIONS CITED FOR CONSIDERATION BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED DECISION IN THE FILED DOCUMENT AND A COPY OF THE ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE DOCUMENT TO THE COURT AND ALL PARTIES TO THE  ACTION.

RENDERED: MARCH 19, 2026
NOT TO BE PUBLISHED

# Supreme Court of Kentucky

2024-SC-0546-MR

REBEKAH A. ATKINS                                            APPELLANT

V.

         ON APPEAL FROM COURT OF APPEALS
                 NO. 2024-CA-0872
               JEFFERSON CIRCUIT COURT
                  NO. 24-CI-004698

OFFICE OF THE JEFFERSON                           APPELLEES
COUNTY CIRCUIT CLERK DAVID L.
NICHOLSON -- CIRCUIT COURT
CLERK, STAFF, EMPLOYEES,
DEPUTY CLERKS

## MEMORANDUM OPINION OF THE COURT

## <u>AFFIRMING</u>

Rebekah A. Atkins, pro se, appeals pursuant to RAP[1] 55 from an order of the Kentucky Court of Appeals which denied her motion to proceed *in forma pauperis* relative to a tendered motion to reconsider an earlier order dismissing her appeal as moot. We affirm.

On July 8, 2024, Atkins moved the Jefferson Circuit Court to proceed *in forma pauperis* in filing a "Verified Complaint for Declaratory Relief, Injunctions, and Judgments for Access to Unified's CMS via Public Access

---

[1] Kentucky Rules of Appellate Procedure.

Terminals (for Disclosure of Public Court Records)." Accompanying same, Atkins tendered a verified complaint, a motion requesting a temporary injunction, a motion seeking an expedited hearing, and a motion for the trial court to conduct an in camera review. Before the trial court entered a ruling on the motion to proceed *in forma pauperis*, and without Atkins paying the required filing fee, the Circuit Clerk filed Atkins's complaint and her three motions.

On July 9, 2024, the trial court entered two orders, the first denying Atkins's request for indigent status and the second denying her remaining motions. The latter order contained further explanation for the denial of the motion to proceed *in forma pauperis*. The following day, Atkins filed a motion seeking a hearing on all of her motions and a motion seeking clarification of the trial court's denial of her *in forma pauperis* motion. The trial court denied these motions as well.

Atkins timely appealed the denial of her *in forma pauperis* motion to the Court of Appeals pursuant to RAP 55, CR[2] 5.05(4), *Gabbard v. Lair*, 528 S.W.2d 675 (Ky. 1975), and *Bush ex rel. Bush v. O'Daniel*, 700 S.W.2d 402 (Ky. 1985).[3] Upon determining that the trial court's denial of Atkins's motion was entered after the circuit clerk had already filed Atkins's pleadings, the Court of Appeals concluded the issue was moot and dismissed the appeal.

---

[2] Kentucky Rules of Civil Procedure.

[3] Atkins also appealed the denial of her other motions. That appeal was dismissed as being improperly taken from an interlocutory order.

Undeterred, Atkins filed a motion for leave to proceed *in forma pauperis* on a tendered motion to reconsider dismissal of her appeal. The Court of Appeals denied the motion for failure to comply with the appellate rules and because Atkins had not been "adversely affected by a decision" of the Court of Appeals as contemplated under RAP 43(D)(1) as the dismissal was based on Atkins having already received the relief she sought, thereby rendering the matter moot. This appeal followed.

Atkins offers little of substance in her pleadings before this Court which are instead riddled with references to unsubstantiated allegations of fraud, bias, "counterfeit" orders by "shadow judges," and "unlawful and illegal conduct" by the "lawless" Court of Appeals, trial court, and circuit court clerk's office. Aside from these scurrilous and sensational claims, Atkins wholly fails to address or indicate how or why the decision of the Court of Appeals is in error. Upon review, we conclude it was not.

First, even a cursory examination of Atkins's latest motion to proceed *in forma pauperis* reveals the Court of Appeals correctly concluded it failed to comply with RAP 54(A)(1) as it was not notarized nor sworn to or affirmed before an appropriate officer as set forth in CR 43.13, and thus cannot qualify as a "motion with an affidavit." Denial on this basis alone would be sufficient. We also note that, although not relied upon by the Court of Appeals in its decision, Atkins is not a resident of Kentucky which is a prerequisite for being deemed a "poor person" under KRS 453.190 who may be permitted to prosecute or defend an action without payment of costs.

3

However, and perhaps even more importantly, beyond the technical violation of our Rules and potentially her status as a non-resident, as the Court of Appeals correctly observed, Atkins has not been aggrieved nor "adversely affected by a decision of the . . . Court of Appeals rendered by order." RAP 43(D)(1). Therefore, her motion for reconsideration was improper at the outset and her motion seeking pauper status was nothing more than surplusage.

At bottom, the Jefferson Circuit Court Clerk unqualifiedly filed Atkins's complaint and motions and caused a civil summons to be issued in the absence of payment of the filing fee or an order from the trial court granting the motion to proceed *in forma pauperis*. "[I]f the clerk receives the document without indicating that it is not being accepted as 'filed' or that it will not be docketed until the fee is paid, it is effectively filed." *Ritchie v. Mann*, 500 S.W.2d 62, 64 (Ky. 1973). Thus, Atkins's action was officially commenced, CR 3.01, and the trial court's denial of her motion for pauper status the following day could not and did not operate to "un-file" her pleadings. This is made more evident by the trial court's ruling on the merits of her underlying claims.

The August 21, 2024, order dismissing Atkins's appeal as moot concisely and clearly articulated as much and indicated Atkins had received in the circuit court the exact relief sought on appeal, to wit, the filing of her complaint and motions and a ruling on the merits of same. Thus, dismissal of the appeal was correct and did not negatively impact Atkins in any way. Reconsideration of the order was an unavailable remedy. Nevertheless, Atkins once again

4

received the benefit of having the merits of her motion ruled upon without being designated a pauper nor paying the appropriate filing fee.

While Atkins is plainly displeased with the outcomes throughout these proceedings, she has failed to elucidate any error committed by the Court of Appeals. A litigant's mere displeasure with a ruling is an insufficient basis upon which to grant relief. The roots of her complaints sprout from incorrect premises and fundamental misapprehensions of the nature and scope of the rulings which have been handed down. This is an unfortunate downside for pro se litigants who are not versed in the science of the law.[4]

For the foregoing reasons, the judgment of the Court of Appeals is affirmed.

All sitting. All concur.

---

[4] We note, however, that Atkins is not an inexperienced litigator. While not intended to be an exhaustive or a complete list of Atkins's litigation history, several notable citations will illustrate the point. In *Atkins v. Holzbog*, 203 N.E.3d 1052, 1053 (Ind. Ct. App. 2023), it was noted that in the previous five years, Atkins had initiated sixteen appeals and had also filed fifteen original actions in the Indiana Supreme Court. Many of those actions appear to raise nearly identical claims against various circuit court clerks as those raised in the instant action. She has also raised similar claims against the clerks' offices of the United States District and Bankruptcy Courts for the Western District of Kentucky, *Atkins v. Stivers*, Nos. 21-5798/5799, 2021 WL 7084872 (6th Cir. Dec. 16, 2021), and the United States District Court for the Southern District of Indiana, *Atkins v. Sharpe*, 854 Fed.App'x. 73 (7th Cir. 2021). She has also filed suit against each of the district court and magistrate judges of the Western District of Kentucky, *Atkins v. Stivers*, No. 3:21-CV-470-RGJ, 2021 WL 3374989 (W.D. Ky. Aug. 3, 2021), as well as all of the judges of the Court of Appeals for the Seventh Circuit and all of the district and magistrate judges in the Southern District of Indiana. *Atkins v. Sykes*, 1:21-CV-02161-JED, 2021 WL 4287357 (S.D. Ind. Sept. 21, 2021).

COUNSEL FOR APPELLANT:

Rebekah A. Atkins, pro se


COUNSEL FOR APPELLEES:

David L. Nicholson
Jefferson County Circuit Clerk